5   319
7   123
7   353
31*  874
34*  463
35*  125

[No. 605.   Decided December 5, 1892.]

J. J. HEALY, *Appellant*, v. ORSON M. SEWARD, *Respondent*.

APPEAL—STATEMENT OF FACTS—REFEREE'S REPORT—VENDOR AND
PURCHASER—INNOCENT PURCHASER—DELIVERY OF DEED.

An appeal from that part of the judgment which is against appellant is sufficient, without requiring him to appeal from the whole judgment as rendered.

The report of a referee made and filed in a cause may, on appeal, be certified to the supreme court, under § 1424, Code Proc., without being incorporated in a statement of facts.

Where grounds of objection to an appeal are of so general a character that they point out no specific defect, they will not be considered.

The fact that the purchaser of certain real estate knew that a third party, who held a mortgage thereon, had proposed to take the real estate in consideration of his mortgage debt and a certain sum additional thereto, and that seven of the eight owners had signed a deed to that effect, is not sufficient to charge him as a purchaser in bad faith, when the mortgagee has no binding contract for a transfer to himself, has parted with nothing, and is under no obligation to carry out the arrangement on his part.

Where a deed has been executed by all but one of several co-grantors, and has been left with a notary for the purpose of securing the signature of the remaining grantor, but is not to be delivered until the consideration agreed upon should be ready to pass, such notary is the agent of the grantors and bound to hold the deed for them, even after its completion, until he has their direction to deliver it to the grantee; and the grantee, by procuring the uncompleted deed from the notary and placing it upon record, obtains no rights thereunder.

*Appeal from Superior Court, Clarke County.*

*Wiswall & McCredie*, for appellant.

*J. W.* and *W. H. Metcalf*, for respondent.

The opinion of the court was delivered by

STILES, J.—This was an equitable action, and the respondent moves to dismiss the appeal upon a number of

grounds, none of which we find to be sufficient.    We shall
notice but one or two of them.    The court below found in
favor of the appellant as to the undivided one-eighth of the
land in controversy, and against him as to the other seven-
eighths.    The appeal was taken only from that part of the
judgment which was against the appellant, and the respond-
ent finds fault with his so doing.    This is exactly what the
law contemplates a party may and should do in every such
case.

The cause was referred to a referee for trial.    The ref-
eree reported the testimony taken by him, with the exhibits
introduced and his findings annexed.    These were filed in
the cause with the clerk, and 'the court reëxamined the
case upon the report, and after setting aside the conclusions
of law rendered judgment.    In preparing his statement of
facts on appeal the appellant did not file anew with the
clerk a copy of the testimony and exhibits, but merely
asked that they be made a part of the proposed statement.
This makes a new case among the many which we have had
to pass upon in connection with this matter of statements
of fact.    We are inclined to hold that the referee's report
when made and filed, for the purpose of an appeal, is cov-
ered by Code Proc., § 1424.    It is duly certified by the
judge who reviewed the case upon the report, and by the
clerk of the court.    It contained the whole case, and in-
cluded the evidence submitted, taken in the form of depo-
sitions by question and answer and signed by each witness.

The other grounds of objection are of so general a char-
acter that they are not entitled to consideration.    For ex_
ample, the fifth ground is, ''because the bond on appeal is
defective in not complying with the requirements of law.''
This points out no specific defect, and gives neither the re-
spondent nor the court any notice of the particular in
which it is alleged to be defective.    Other grounds are

stated with the same want of precision, and must be disregarded.

The parties to this appeal substantially agree as to the facts and the law of the case; their only disagreement is with regard to the application of the law to the facts.

In 1887, Ansil S. Marble and Louisa G. Marble, husband and wife, were the owners of a certain tract of land in the city of Vancouver, Clarke county, which in that year they conveyed to their eight children, by warranty deed. The respondent held a mortgage upon the land, which at the time this controversy arose, with interest, amounted to about seventeen hundred dollars. In April, 1891, respondent threatened to foreclose his mortgage unless it should be paid at once. After some negotiation he and Marble agreed that Marble and wife should convey the land to the respondent, and receive therefor a satisfaction of the mortgage, and respondent's note for three hundred dollars due in one year, making the consideration for the conveyance two thousand dollars. Marble and wife went to the office of one Gridley, who was a notary, on the 27th day of April, 1891, and executed a warranty deed for the land to respondent, intending to deliver it. But before the transaction was completed by the delivery of the deed on one side, and the surrender of the mortgage and the execution and delivery of respondent's note for three hundred dollars on the other side, it was discovered by Gridley, who was also an abstractor of titles, that the Marbles had conveyed the land to their children by the deed of 1887. Thereupon the transaction stopped, and a new plan was adopted, viz.: That the Marble children should be induced to convey to respondent for the same consideration before agreed upon. Gridley was employed to draft a deed for that purpose, which deed was started on its way to Oregon, and elsewhere, where the Marble children resided. It was

understood that as soon as the signatures of the children were obtained the transaction should be completed.

On the 18th of May, 1891, the deed had been executed by seven of the Marble children, and lay in the office of Gridley awaiting execution by the eighth child, after which the respondent expected the transaction to be closed. But in the meantime appellant had obtained information that the property was for sale, and bargained with Marble senior for the purchase of it at twenty-five hundred dollars. He had been informed also that negotiations were pending between the Marbles and respondent for the transfer of the property to the latter. Proper deeds were executed by Marble and wife, and seven of the children, and were delivered to appellant on the date last named, and were recorded by him, and he took possession of the property, and the whole thereof, as tenant in common with the eighth of the Marble children. That one of the Marble children who had not joined in the deed to respondent now conveyed to appellant, so that the deed to respondent could not be completed. On the 19th day of May, respondent procured from Gridley the uncompleted deed of the Marble children, executed by seven of them, but not by the eighth, and placed it upon record.

This action was brought by appellant to have the cloud made by this last deed upon his title removed, and he has also brought into court the sum of seventeen hundred dollars, which he tenders to the respondent in payment of his mortgage, and demands that it be surrendered up and canceled.

From the facts stated it will be seen that there are but two questions in the case. *First*, Whether the knowledge of the appellant of the negotiations pending between respondent and the Marbles was sufficient to charge him as a purchaser in bad faith; and, *second*, whether the deed

signed by the Marble children was ever delivered to the respondent. Considering the deed as not delivered, the question of bad faith cannot be urged unless the respondent had some right to have the deed when it should be completely executed; but no such right appears. All that had taken place between him and Marble, sr., was mere proposition not yet assented to by the owners of the land. He had parted with nothing, had no binding contract, and was under no obligation to carry out the arrangement on his part. Knowledge of this part of the transaction, therefore, could have no tendency to charge the appellant with any duty as regards the respondent. Pending the unfinished negotiations, appellant in a manner not overly courteous, it is true, but yet perfectly legal, procured the owners of seven-eighths of the property to sell to him and execute and deliver their several deeds. Argument is unnecessary to establish so much.

But it is insisted that the deed prepared by Gridley was delivered *pro rata* as fast as each of the Marble children executed it; that Gridley was respondent's agent, and that respondent was free to take possession of the deed whenever he saw fit, and place it of record. The possession of a deed by the grantee named therein is a fact from which delivery is presumed, but that is about the only point in respondent's favor. Against the presumption are the facts showing how the consideration was to be paid, and of what it was to consist. The mortgage indebtedness was to be satisfied, and the note and mortgage surrendered, and a note of three hundred dollars was to be given. Nothing was said about what should be done in case one or more of the children refused to join in the deed. If the respondent's theory is correct, as soon as the first child executed the conveyance, the title of one-eighth of the property vested in the respondent. But the consideration for that eighth would then become instantly due; yet no such con-

tingency was foreseen or provided for.    On the contrary
the respondent himself says that he would not have felt
bound to take a portion of the property in that way, and
he withheld the mortgage and the note until the complete
execution of the deed.    Back of these considerations, how-
ever, is a vital matter.    Gridley was the agent of respond-
ent in a general way, it is true; but in the making of this
deed and securing the signatures of the Marble children he
was their agent, and was bound to hold it for them, even
after it was completed, until he had their direction to deliver
it to respondent.    Neither they nor their father, who was
their general agent in the transaction, had any thought
of delivering the deed until the consideration agreed upon
should be ready to pass.    Respondent had full knowledge
of these matters, and when he found that appellant had
forestalled him, he ought not to have taken the deed from
Gridley and had it recorded.    He was offered his money in
full, and he should have accepted it.

The court below based its finding for the respondent
upon the delivery and acceptance of the warranty deed of
Marble, sr., and wife, April 22, 1891.    But we are unable
to agree that any such delivery took place.    It was just
at the moment that the notary's work of completing the
instrument was finished that he discovered that the grantors
had no title to the property.    Marble said it made no dif-
ference; he would go and "cancel" the deed he had given
to the children.    But this method of re-transfer was de-
clined, and he was informed that the children must them-
selves convey to respondent.    It was not suggested or
agreed that the children convey to their parents, so that
the warranty just completed might have something to op-
erate upon; but the new deed was drawn with the respond-
ent as the grantee.    Respondent claims that the warranty
deed was delivered to him, and the court so found.    Yet
it remained in Gridley's hands up to the time of the trial,

without ever being recorded, although the unfinished quit-claim deed from the children had been recorded long before. It was never admitted by respondent that any delivery of this deed to him, or acceptance of it by him, obligated him for one moment to carry out the arrangement planned. Everything was treated as in abeyance until the quitclaim deed of the eight children should be in hand; delivery, under the circumstances, was not thought of by either party.

Through the act of Mrs. Marble, in giving to respondent a key to the house situated upon the land, without the knowledge of her husband, respondent obtained a possession which he seeks to have support his claims. But this, as well as other points in the case, are rendered wholly immaterial, in view of the fact that Marble and his wife had no title, and no authority, which appears, to contract to sell the land, or put any one in possession as purchaser. The children owned the property, and they had a right to deal with it as they saw fit. So they had a right to recede from the incomplete arrangement proposed between their father and respondent, at any time before their deed was fully executed, or there was an acceptance for, or by, them of some benefit which would estop those who had already signed the deed.

The decree of the superior court should be set aside, and a new decree entered in accordance with the prayer of the complaint. So ordered.

Anders, C. J., and Hoyt, Scott and Dunbar, JJ., concur.