## CASSIDY et al. v. HOLLAND.

Where a deed is found in the possession of the grantor, there is a presumption, in the absence of evidence to the contrary, that it has not been delivered, and the burden of proof is on plaintiff claiming title under such deed to show delivery.

Civ. Code, §923, providing that a grant duly executed is presumed to have been delivered at its date, does not apply to a deed in the possession of the grantor.

Delivery of a deed implies a parting with the possession and surrender of authority over it by the grantor, at the time, and no delivery, either, absolute or conditional, can be made without the grantor at the time of parting with possession and all power and control over it for the benefit of the grantee.

Where an attorney who drew a deed was as much the agent of the grantors as of the grantee in the transaction, having drawn the deed at their joint request, his possession did not constitute possession of the grantee on the theory that a delivery to him was a presumptive delivery to the agent of the grantee authorized to receive it.

Evidence held to warrant a finding that a deed of certain land to plaintiff's ancestor had never been delivered.

(Opinion filed March 29, 1911.)

Appeal from Circuit Court, Brookings County. Hon. GEORGE H. MARQUIS, Judge.

Action by Thomas Cassidy and others against Mary Holland. Judgment for defendant, and plaintiffs appeal. Affirmed.

*J. P. Alexander*, for appellants.

Section 923 of the Civil Code provides that "a grant duly executed is presumed to have been delivered at its date." A deed will be held to have been delivered where it was duly acknowledged, in the absence of evidence to the contrary. St. Louis v. Wiggen Ferry Co., 88 Mo. 469; Van Renseller v. Secor, 32 Barb. 469; Rumsey v. Otis, 34 S. W. 551 (Mo.); Brown v. Monroe, 11 Ky. Law Rep. 324. The paper need not be actually delivered to the grantee to have that effect, if the grantor when executing it intends it for a delivery, and that is known and understood by the grantee, and he and the grantor go on and act as if the estate had actually passed thereby. Washburn on Real Property, 255; Walker v. Walker, 42 Ill. 311; Rogers v. Cary, 47 Mo. 235; Leavitt v. Leavitt, 179 Ill. 87. If the deed is beneficial to the

grantee, his assent will be presumed, in the absence of proof of his dissent. 2 Jones on Real Prop. sec. 1282. Leaving the deed with the notary who has been employed by the grantee to draw the same was held to be a sufficient delivery. Swank v. Swank, 61 Pac. 846 (Ore.) ; Vatter v. Blaaka, 63 N. E. 499 (Ill.). The question of the delivery of a deed is generally one of intention of the parties and it is essential to the valid delivery that there be some act or declaration from which the intention to deliver may be inferred. However, a formal delivery is not essential, nor any express words necessary, nor is manual delivery of the instrument to the grantee required, it being sufficient if it appears from the words or acts of the grantor that it was his intention to treat the deed as his and make delivery of the same. 13 Cyc. 561.

*Cuckow & Quinn* and *Hall, Roddle & Purdy,* for respondent.

When a deed is found in the possession of the grantor therein named, the presumption is that it has not been delivered. Maddox v. Gray, 75 Ga. 462; Burton v. Boyd, 7 Kan. 17; Egan v. Horrigan, 96 Me. 46; Hatch v. Haskins, 17 Me. 391; Patterson v. Snell, 67 Me. 559; Burnett v. Burnett, 40 Mich. 361; Wood v. Sturedevent, 38 Miss. 68; Sheller v. Stewart, 107 N. W. R. 310 (Ia.) ; McGuire v. McGuire, 37 Misc. 259 (N. Y.) ; McLaughlin v. McNanigle, 63 Tex. 553. Delivery without the knowledge or consent of the grantor is ineffectual to pass title. 13 Cyc. 561, Note 88; Fitsgerald v. Goff, 99 Ind. 28; Henry v. Casson, 96 Ind. 412. The burden of proof of the delivery of a deed is on him who alleges it. 13 Cyc. 530; Devaney v. Koyne, 19 N. W. R. 772; Shattuch v. Rogers, 38 Pac. 280; Tyler v. Hall, 27 Am. Sta. Rep. 337; Carter v. McNeal, 110 S. W. R. 222; Richards et al. v. Moran et al. 114 N. W. R. 1035; Poole et al. v. Davis et al., 34 N. E. 1130.

McCOY, J.  This was an action to quiet title to an undivided one-third interest in and to certain town lots situated in Elkton, Brookings county. Originally the lots in question were the property of one Mary Cassidy, who died intestate, in January, 1902. On the distribution of her estate, on July 18, 1904, an undivided one-third of said lots was assigned to her husband, John Cassidy.

The plaintiffs claim title to said lots as the heirs at law of said John Cassidy, who died intestate in October, 1907. The defendant claims title to said lots adversely to plaintiffs under a quitclaim deed dated May 18, 1904, executed by John Cassidy as grantor, to the defendant as grantee. On the trial of the case the plaintiff, in avoidance of the claim of defendant, offered in evidence a deed to said lots dated July 18, 1904, executed and signed by defendant and her husband as grantors to John Cassidy as grantee. To the introduction in evidence of this deed, which was marked "Exhibit 4," the defendant objected on the ground that the same was never delivered by the defendant and her husband to John Cassidy, and that it never was the intention of the defendant and her husband, or of the said John Cassidy, that the said instrument should be delivered to the said John Cassidy, therein named as the grantee, as a conveyance of the real property therein mentioned, or at all; and that the said instrument was only given and executed for the purpose of facilitating the proceedings of the county court in the matter of the estate of Mary Cassidy, deceased, in setting aside the homestead of John Cassidy; that the said instrument was never recorded and was kept from the record by the direction of the grantee therein named; that said instrument, as shown by the written order, "Exhibit 1," belonged to the defendant and her husband, and that they were entitled to the possession thereof; that said John Cassidy never had the same in his possession, actually or constructively, except the same having been handed to him in the office of the county judge more or less for inspection; that he showed by his conduct and his direction that the instrument should not be recorded, that there was no delivery thereof, and no intention to deliver the same to operate as a conveyance of the property, and that the said deed was never delivered to any agent of the grantee, nor was the possession thereof ever permitted to be in the presence of others than the grantors named, except for the purpose of removing a supposed obstacle for the county judge to set aside the homestead of John Cassidy. This objection was sustained by the court, to which the

plaintiff duly excepted, and plaintiff now urges this ruling of the court as error. The vital question now before this court is whether or not the testimony is sufficient to show a delivery of said deed by the grantors to the grantee with the intention that the same should operate as a conveyance of title. This deed, "Exhibit 4," was never recorded, and at the time of the commencement and trial of this action was in the actual possession of the defendant Mary Holland, one of the grantors named therein. Prior to the trial the court, upon the application of plaintiffs, had required defendant to produce said deed on the trial. The only witness who testified concerning the facts and circumstances surrounding the delivery of said deed was John P. Alexander, attorney for appellants, who was called as a witness on behalf of plaintiff, and who, on direct examination, testified: "I am attorney for plaintiffs and live at Elkton, S. D. I am the same John P. Alexander whose name is attached to the notarial certificate on Exhibit 4. I saw Exhibit 4 signed by Mary Holland, who is defendant in this case, and John F. Holland, her husband, at or about the date Exhibit 4 bears. After the execution of Exhibit 4, it was delivered to me by John Cassidy, grantee, and was by me held until about the 23d day of January, 1907." Exhibit 4 was then offered in evidence. Defendant's counsel was then, before making objection to the introduction of said instrument, permitted to cross-examine the witness relative to the delivery of said deed, and who on cross-examination further testified: "This deed was delivered to me about the time of the execution, at least on the day of the execution. The circumstances, as I remember them, were that the defendant and her husband and John Cassidy were in my office in Elkton on the day the deed was drawn up by me, and that was the same day on which the hearing took place in the county court upon the final distribution of the estate of Mary Cassidy; that this deed was then taken by me to Brookings and presented to the judge of the county court, and afterwards passed back into the hands of John Cassidy there, who handed it to me with directions to keep it until further orders. After the deed was executed, it lay on the table. I put on the notarial seal and

certificate, and put it into my pocket. I kept it in my possession until we came to the county court for the purpose of proceeding upon the final distribution of the estate the same day. The deed was not delivered to John Cassidy by the grantors, unless his direction to me to keep it would be a delivery. I saw the deed in John Cassidy's hands in the office of the clerk of the court. My impression is it was handed to him by the county judge. It was submitted to the county judge at the time of making the final order setting over the property to John Cassidy as a homestead. It seems that the deed (Exhibit 3) from John Cassidy to the defendant, dated May 18, 1904, had been called to the attention of the county judge, and he suggested that he could not set over this property as a homestead to Cassidy on account of this deed (Exhibit 3) being of record, and at that time I produced this deed (Exhibit 4) and my recollection is that, when the matter had been considered, the county judge passed it over to John Cassidy, and he handed it to me. He directed me not to have it recorded. I do not think he said why it was not to be recorded. I took the deed to Elkton with me and kept it. Defendant's husband called on me for the deed after that. He called on me more than once before it was given to him. I told him I was holding it for John Cassidy, and would not give it up unless Mr. Cassidy came for it in person or sent a written order for it. Subsequent to my refusal to give the deed to the husband of defendant he presented me with the document (Exhibit 1), which was a written order in the handwriting of John Cassidy, dated January 23, 1907, signed by him, directing the delivery of the deed (Exhibit 4) to J. F. Holland. Upon his handing Exhibit 1, I delivered the deed (Exhibit 4) to John Holland, husband of defendant. There was no talk between the parties with reference to the deed (Exhibit 4) being given for a temporary purpose. There was talk, as I remember it, that it would be necessary for the title to be either in John Cassidy, or the estate, in order to have it set over to him as a homestead. I drew Exhibit 4 at the joint request of the parties, the grantors and grantee. I do not know of any consideration passing from John Cassidy to either Mary or John Holland for the deed (Ex-

hibit 4). Prior to the execution of Exhibit 4 I had acted as attorney for Mary Holland in matters connected with the estate of Mary Cassidy, and was employed by John Cassidy as attorney in other matters, and was also acting as attorney for the administrator, Thomas Cassidy, at the time of the final decree in the estate of Mary Cassidy." The plaintiff also offered in evidence Exhibit 2, the final decree of the county court of Brookings county in the matter of the estate of Mary Cassidy, deceased, dated July 18, 1904, and which assigned the real property in question as follows: "One undivided one-third thereof to John Cassidy"—and the remainder thereof to the other heirs of said Mary Cassidy in designated proportions.

The rule seems to be well established that, where a deed is found in the possession of the grantor, the presumption is, in the absence of evidence to the contrary, that it has not been delivered. 13 Cyc. 733; Shetler v. Stewart, 133 Iowa, 320, 107 N. W. 310, 110 N. W. 582; Wilenou v. Handlon, 207 Ill. 104, 69 N. E. 892. When a deed, unrecorded, is found in the possession of a defendant grantor, the burden of proof is on the plaintiff claiming title under such deed to show a delivery. 13 Cyc. 730; Devaney v. Koyne, 54 Mich. 116, 19 N. W. 772; Tyler v. Hall, 106 Mo. 313, 17 S. W. 319. Where a deed is found in the possession of the grantor unexplained, the presumptions in relation to the delivery thereof are exactly opposite to those where the deed comes from the possession of the grantee. We are of the opinion that section 923, Civ. Code, has no reference to a deed in the possession of the grantor. In the case at bar the burden was on the plaintiff to produce before the court satisfactory evidence to overcome the presumption of nondelivery arising from the possession of the deed in question by the defendant grantor; or, in other words, the burden was on plaintiff to satisfy the court, by evidence, that a delivery had been made by the grantors to the grantee. As a whole, the evidence submitted is not clear, and the circumstances thereof are conflicting.

It is contended by plaintiff that the deed in question was in the possession of the grantee, John Cassidy, at the time of his

death, and was found among his papers after his death, and that he died at the home of the defendant. This contention that the deed was thus in the possession of the grantee is untenable, and clearly disproven by the testimony, which conclusively shows how defendant obtained possession. "The delivery of a deed implies the parting with the possession and a surrender of authority over it by the grantor at the time. No delivery, either absolute or conditional, can be made without parting, at the time, with the possession of it, and with all power and control over it by the grantor for the benefit of the grantee. The delivery of a deed is as essential to the passing of the title to the land described in it as is the signing of it or the acknowledgment. It is the final act, without which all other formalities are ineffectual. To constitute a delivery, the grantor must part with the legal possession of the deed and of all right to retain it. The present and future dominion over the deed must pass from the grantor." Porter v. Woodhouse, 59 Conn. 568, 22 Atl. 300, 13 L. R. A. 64; Youngs v. Guilbeau, 3 Wall. 636, 18 L. Ed. 262. There are some circumstances in the evidence that strongly tend to show that no delivery of this deed (Exhibit 4) was ever made. From the fact that the grantors kept demanding the possession of this deed from Mr. Alexander, and from the fact that John Cassidy, the grantee, caused the delivery of possession thereof to be made by Alexander to the grantors, it may be reasonably inferred that the grantors were entitled to such possession because no delivery thereof had been made; and it may also be inferred from this evidence that the grantors had not surrendered and parted with dominion or control over this deed to the grantee, and that the grantee himself recognized that this deed was still subject to the dominion and control of the grantors. Under the evidence, Mr. Alexander was as much the agent of the grantors as he was the agent of the grantee in the transaction of the drawing up of this deed. He drew the deed at their joint request, and the fact that he had possession of it under these circumstances does not constitute his possession a presumptive delivery to an agent of the grantee authorized to receive it. In Healy v. Seward, 5 Wash. 319, 31

Pac. 874, it is held that possession of a deed by the scrivener who drew it up and who was the general agent of the grantee cannot be considered a delivery to the grantee since the scrivener was also employed by the grantor to draw the deed. There is nothing in the evidence to show that Alexander was authorized by the grantors to make a delivery of this deed for them. There is no evidence that the deed was ever handed to the grantee by the grantors, or by any one for them; or that the grantors ever placed this deed in the hands of the grantee or in the hands of any other person for him for any purpose whatever. The witness Alexander stated that there was some talk between the parties that it would be necessary for the title to be either in John Cassidy or the estate in order to have it set over to him as a homestead, but what the talk really was, what the conversation was between the parties, is not shown. There is nothing in this testimony sufficient to show that the parties ever agreed that a deed should be executed and delivered for that purpose.

Another significant fact appearing from the record is that the decree of final distribution of the estate of Mary Cassidy did not set this property, described in this deed, over to John Cassidy as a homestead, which would reasonably seem to indicate that that part of the program had been abandoned or for some reason not carried out. The county court may have concluded that an undelivered deed was insufficient to warrant the setting of this property over to John Cassidy as a homestead. The mere fact alone that Alexander, as attorney for Thomas Cassidy, took this undelivered deed and showed the same to the county judge could in no manner prejudice the rights of the grantors, or constitute this act of his a delivery of the deed, unless the deed had, prior thereto, in fact, been delivered to him by the grantors for that purpose. The testimony indicates that the grantors never parted with dominion and control over this deed. We are of the opinion that the trial court was clearly warranted in sustaining the objection to the introduction in evidence of the deed (Exhibit 4).

The judgment of the circuit court is affirmed.