McGILLIVRAY, Appellant, v. WIPF, Respondent.

(266 N. W. 724.)

(File No. 7881. Opinion filed April 24, 1936.)

*E. A. Berke* and *Wallace E. Purdy,* both of Brookings, for Appellant.

*Irving R. Crawford* and *Wm. Wipf,* both of Huron, for Respondent.

ROBERTS, J. The object of this action, instituted by the administrator of the estate of Enoch Hofer, who died November 7, 1931, intestate, is to have a certain deed declared void and of no effect. Decedent and his wife executed and acknowledged separate warranty deeds to each of five children. Plaintiff brought separate actions against the respective grantees, and the controverted questions relate to the delivery of the deeds. In the instant case, defendant grantee prevailed, and plaintiff appeals from the judgment quieting title in the defendant and from the order denying motion for new trial.

The record title to the land in controversy was in Enoch Hofer at the time of his death. Defendant offered in evidence a warranty deed containing the following recital: "The within described deed to remain in escrow in the Farmers National Bank of Bridgewater, So. Dak., to be delivered to the within named grantee on and after the death of the grantors herein described."

The deed was executed and acknowledged before a notary public on July 17, 1928, but was not recorded until July 20, 1932. T. S. Mayer, who prepared this and other deeds for decedent, testified: "I was connected with the First National Bank of Bridgewater, South Dakota, as cashier, in the month of July, 1928. I was cashier of that bank from 1916 until August 21, 1931, when the bank closed for liquidation. I acted as the notary in taking the acknowledgments. These deeds were in a strong box that Mr. Hofer had. I presume the active cashier of the bank had control of that box. These deeds were taken out of the bank prior to the death of Enoch Hofer. I mailed Enoch Hofer's box to him. As I recall it, after the deeds were drawn he took them home and brought them to the bank the next morning and said, 'Let's put

these deeds in my strong box,' and complying with his instructions I went in the vault and got his box and the same were placed in the box." The record is silent as to the disposition of the deeds after the forwarding of the so-called strong box to Mr. Hofer, and there is no evidence that the deed in question was ever delivered in escrow to the Farmers National Bank of Bridgewater; designated as the depositary in the deed.

A deed, to become effective, must be delivered by the grantor during his lifetime. If it is executed only for delivery after the grantor's death, it is testamentary notwithstanding it is denominated a deed, and is valid only when executed in the form and manner provided by law for the execution of a last will and testament. Trumbauer v. Rust, 36 S. D. 301, 154 N. W. 801, 11 A. L. R. 10; Stalting v. Stalting, 52 S. D. 309, 217 N. W. 386. Plaintiff contends that there was no delivery of the deed. Whether there was a delivery is a question of intent to be found from all the facts surrounding the transaction. The rule seems to be well settled that a deed duly executed and acknowledged and shown to be in the possession of the grantee is self-proving, and the burden of proving nondelivery is upon the party claiming it was not delivered. Ansted v. Grieve, 57 S. D. 215, 231 N. W. 912; Wolf v. Wolf, 59 S. D. 418, 240 N. W. 349, 350; Merkamp v. Niles, 62 S. D. 241, 252 N. W. 636. The presumption is not overcome by the fact that the deed was not recorded prior to the death of the grantor. Webb v. Webb, 130 Iowa, 457, 104 N. W. 438; Rogers v. Jones, 172 N. C. 156, 90 S. E. 117; Collins v. Lamotte, 244 Mich. 504, 221 N. W. 635.

It is contended that the recital in the deed postponing its taking effect until after the death of the grantor overcomes the presumption of delivery. In Wolf v. Wolf, supra, the fact that the grantor remained in possession of the property was held not to overcome the presumption of delivery. In that case, this court quoted with approval Tunison v. Chamblin, 88 Ill., 378, 379: "When a deed, duly executed, is found in the hands of a grantee, there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption. Otherwise, titles could be easily defeated, and no one could be regarded as being secure in the ownership of land."

The recital in the deed is not necessarily in conflict with the theory of the conveyance of a present interest. Trumbauer v. Rust, supra; O'Connor v. McCabe, 46 S. D. 269, 192 N. W. 370; Stalting v. Stalting, supra. While it was proper to consider the recital, it was not controlling on the question of delivery.

The trial court made findings to the effect that the plaintiff failed to prove that at the time of the delivery of the deed Enoch Hofer was insolvent or was by the transfers rendered insolvent. It is contended that the evidence is insufficient to sustain such finding. Respondent urges that no issue of fraudulent conveyance is presented under the pleadings, but assuming, without deciding, that there was such issuable fact, we believe that the evidence was sufficient to justify the findings of the trial court.

The judgment and order appealed from are affirmed.

All the Judges concur.