STRAIN, Superintendent of Banks, Respondent, v. FERRIS, et al, Appellant.

(272 N. W. 677)

(File No. 7859.   Opinion filed April 21, 1937)

*Paul M. Young,* of Mitchell, and *Danforth & Seacat,* of Alexandria, for Appellant.

*Hitchcock & Sickel,* of Mitchell, for Respondents.

WARREN, J. Plaintiff, the Superintendent of Banks of the state of South Dakota, brought an action for the purpose of setting aside a transfer of real property from J. H. Ferris to L. E. Ferris claiming that such transfer was fraudulent. His statement of the facts and circumstances pertaining to the transfer is substantially as follows: That J. H. Ferris is the owner of 25 shares of stock in the Mitchell Trust Company which failed on August 8, 1933; on September 30, 1933, the conveyances were filed; in December, 1933, an action was brought to set aside the deeds as being fraudulent under the Uniform Fraudulent Conveyance Act (Laws 1919, c. 209); the deed in question was signed by J. H. Ferris and L. E. Ferris, his wife, was the grantee; the said deed was signed and acknowledged on the 29th day of November, 1919, and it was not recorded in the office of the register of deeds until

September 30, 1933, about a month and a half after the Superintendent of Banks took charge of the Mitchell Trust Company as an insolvent institution; there is no evidence to show that L. E. Ferris ever paid any consideration for the deed and that it was never delivered until about September 30, 1933, when it was recorded; the evidence shows that at no time since the year 1929, when there was a pretended delivery of said deed, has J. H. Ferris had any property in South Dakota with which to satisfy plaintiff's claim except a worthless quarter-section of land in Jones county; the property conveyed by the deed in question was worth about $30,000, subject only to a $4,000 mortgage; that the deed was never delivered till the bank closed; that J. H. Ferris, the husband, collected all the rents and income from the real property, signed all leases on the property as owner, and none of them were signed by L. E. Ferris; that he carried in his own name all insurance on the property until the 21st day of October, 1933, which was a short time after the deed was actually recorded; that he signed all riders and waivers on the insurance policies personally; that in 1925 he filed claim for a fire loss; that in 1932 he again filed a claim for fire loss on the policy of insurance covering the property in question; the claims were made by him as owner; he collected, in 1932, some $2,800 for fire loss on the property in question, and he deposited the proceeds to his own name at the bank; all rents and receipts from the property were likewise collected by him and deposited in his personal, sole, and individual account; he personally supervised and directed by correspondence and otherwise, all rental arrangements with tenants and agents in charge of the property; all of these things were done with the express knowledge and approval and consent of his wife; the insurance policies were assigned in writing to his wife, L. E. Ferris, on October 21, 1933, at about the same time that he directed the transfer of the rental account in the Mitchell National Bank to his wife, L. E. Ferris; and that by this transaction, the husband became insolvent and unable to pay his obligations: and that there was no proof of consideration for the transfer.

We turn now to the statements of the facts in evidence presented by the defendant, which for the purpose of this statement are substantially as follows: At the time of the execution and

acknowledgment and delivery of the deed to his wife, J. H. Ferris was living at Mitchell, S. D.; that they were both registered pharmacists; some time prior thereto, L. E. Ferris had received an inheritance of some $4,000 from her parents, which was put into the business that they both conducted, and which together with her labor forms a basis for the consideration in the transfer of the property from J. H. Ferris to L. E. Ferris; in addition to the property conveyed to the wife, Mr. Ferris owned 320 acres of land in Jones county, S. D., $1,000 worth of stock in an insurance company, 20 shares of stock in the Mitchell National Bank, which he later sold in 1929 for $4,000, 25 shares of stock in the Mitchell Realty Company, 25 shares of stock in the Mitchell Trust Company of Mitchell, and a stock of drugs of the value of $14,000; in 1923 this same stock of drugs was sold for $14,000, and J. H. Ferris moved to California where he and his wife resided until his death; on December 18, 1929, J. H. Ferris made a formal delivery of the deeds to the land in question in the presence of witnesses; at that time he owned the properties enumerated immediately above; in August, 1933, an assessment was made of $100 per share on the stockholders of the Mitchell Trust Company; notice thereof was given to the defendant, L. E. Ferris, who thereafter caused the warranty deed to be recorded in the office of the register of deeds in Davison county, S. D.; shortly thereafter the action to set aside the conveyance was commenced; the defendant L. E. Ferris answered and claimed to be the owner of the lot; and that the deeds were unconditionally delivered to her on November 29, 1919, when they were executed, formal proof of which delivery was made December 18, 1929.

The circuit court, at the conclusion of the trial, made findings and conclusions and judgment in favor of the plaintiff and against the defendant, decreeing that the real property in dispute, or a portion thereof, should be sold to satisfy the claim of the plaintiff unless plaintiff's claim was satisfied within 60 days of date of judgment. Defendant, L. E. Ferris, moved for a new trial, which motion was overruled. She is now appealing from the judgment and the order denying the motion for a new trial.

From the record presented, it is established that J. H. Ferris did, on the 29th day of November, 1919, execute and acknowledge

the deeds in question, and that same evening did deliver manual possession thereof to the appellant, L. E. Ferris, the grantee therein named. The evidence shows that statements were made by the grantor as to why he deeded the property to his wife, and testimony to the effect that the grantee took the deeds and was placing them in a safety deposit box with other legal papers.

At a later date, to wit, December 18, 1929, when the grantor was failing in health, he called certain witnesses to witness another delivery of the deeds, in order that there should be no question of vesting the appellant with title to the property. A Mr. Vickers, together with Mr. Ferris and Mrs. Ferris, went to the office of Joseph A. Swift in Long Beach, Cal. The deeds were discussed, and as is disclosed by the record, the following took place: "They discussed these deeds at the house, and discussed that Mr. Ferris had been sick and wanted to be sure that the title to the property was OK. I instructed them that they should have witnesses to the delivery of the deeds and make it so there would be no question about the delivery of the deeds, as Mr. Ferris was not well. * * * Mr. Ferris then went into Mr. Swift's office for the purpose of having witnesses to the fact that the deeds were delivered by him to Mrs. Ferris. I saw the deeds on that occasion, in the possession of Mrs. Ferris, as she came out of the office. I know of my own knowledge that the deeds, Exhibits 'A' and 'B' were in her possession ever since November, 1919. I saw these deeds later in December, 1929, and later, September, 1933." Mr. Vickers testified that he advised that the deeds be sent to Davison county for filing and recording which was accordingly done in September, 1933. Further, Mark Mizener, a son-in-law and a physician of South Gate, Cal., testified that he had known J. H. Ferris since 1904 or 1905, that he knew J. H. Ferris while living in South Dakota, and in California, and that said Ferris had stated to him that he had deeded the property and publicly acknowledged before witnesses the act by which he delivered the deeds to his wife, L. E. Ferris. In addition to the witnesses above mentioned, who are related to the parties, there is the testimony of Joseph A. Swift and Frank E. Whitehouse (who are not related to the Ferris') who testified to the delivery of the deeds in December, 1929, in which J. H. Ferris is purported to have said to those present: "I want you to

witness the actual delivery of the deed to the Mitchell property. * * * Here are the deeds to the Mitchell property. I want to have them actually delivered to her so there will be no question about it afterwards, that she did not receive it."

As against this evidence the respondent strenuously argues that J. H. Ferris never parted with the title or possession to the real property in question. At the beginning of this opinion we enumerated respondent's various contentions which he relied upon to defeat the delivery of the deeds and the passing of the title, and it is therefore unnecessary to again refer to the various reasons. assigned to defeat the conveyance between the husband and wife.

■ Under the circumstances, the fact that the husband continued to control and deal with the property after the delivery, is not sufficient in itself to overcome the presumed intention of the grantor that his deed effectively conveyed title to the grantee. Wolf v. Wolf et al., 59 S. D. 418, 240 N. W. 349; Herrmann v. Jorgenson et al., 263 N. Y. 348, 189 N. E. 449; Stewart v. Silva, 192 Cal. 405, 221 P. 191; Knudson v. Adams et al., 137 Cal. App. 261, 30 P.(2d) 608; Givens v. Marbut, 259 Mo. 223, 168 S. W. 614 Gatchell v. Gatchell et al., 127 Me. 328, 143 A. 169; Jackson v. Lamar et al., 58 Wash. 383, 108 P. 946; Shintaffer v. Rorem et al., 167 Okl. 647, 31 P.(2d) 559; Dyer v. Skadan, 128 Mich. 348, 87 N. W. 277, 92 Am. St. Rep. 461; 18 C. J. 217; Leighton v. Leighton, 196 Iowa, 1191, 194 N. W. 276; 15 Cal. L. Rev. 156.

■ From the statements extracted from the evidence which we have briefly discussed above, it seems apparent that there is nothing in the record that would warrant this court in sustaining the trial court's action in setting aside the deeds as fraudulent. On the other hand, appellant's evidence seems strong and convincing, and clearly establishes the delivery of the deeds in question. It establishes not only that there was a delivery of the deeds from J. H. Ferris to his wife, L. E. Ferris, but that it was made for a sufficient consideration and that J. H. Ferris was not insolvent at the time of the delivery of the deeds to the property. The questions raised as to the service and obtaining the judgment against J. H. Ferris and filing a claim by the respondent become immaterial in the decision of this case, as in any event it must be decided upon the merits which are squarely presented.

■ It is immaterial in arriving at our decision that the delivery in November, 1919, may or may not have taken place, as it is unquestioned that the deeds were made ,signed and executed at that time, and the subsequent delivery on December 18, 1929, was sufficient to pass the title and possession to the property.

The weight of the evidence is not sufficient to sustain the findings, conclusions and judgment of the trial court, but it does fully sustain the conveyance and the validity of the deeds. 18 C. J. 217 and 438; McGillivray v. Wipf, 64 S. D. 367, 266 N. W. 724. The judgment and order appealed from are reversed, and the trial court is directed to enter judgment dismissing the respondent's complaint.

ROBERTS and SMITH, JJ., concur in reversal.

POLLEY, J., concurs specially.

RUDOLPH, P. J., dissents.

POLLEY, J., (specially concurring). I concur in a reversal of the judgment in this case and I agree that it is reversible on its merits, but I do not think the merits ought to be considered. When the action was commenced, both defendants were permanent residents of the state of California, and the summons was served on both of them in that state on the 6th day of December, 1933. The defendant J. H. Ferris never entered any appearance of any kind in the action nor in any manner submitted to the jurisdiction of the circuit court of Davison county. The court proceeded, however, with the trial of the case.

Findings of fact, conclusions of law, and judgment were for plaintiff, and defendant L. E. Ferris appeals.

In this case the court never acquired any jurisdiction whatever over J. H. Ferris, and the judgment against him for $2,673 was and is an utter nullity; and there is no legal showing in the record, that the defendant J. H. Ferris was indebted to plaintiff or to any one else, or that the plaintiff had any right to have the deed from J. H. Ferris to L. E. Ferris canceled or set aside.

But there is another reason why the judgment is a nullity. The court found as a fact that J. H. Ferris died on the 6th day of February, 1934, and prior to the trial of the case. This fact was brought to the attention of the trial court and proceedings should have been halted until a representative of the decedent had been

substituted in his place. Until this was done the court had no authority to adjudicate the rights of decedent's estate. It is the contention of the plaintiff that the deed to L. E. Ferris was void, and that as against plaintiff no title ever passed to her. This being the case upon the death of J. H. Ferris the title to the property involved, at once vested in his heirs, subject, of course, to the rights of his creditors. Plaintiff presumably is a creditor, but not necessarily the only creditor, and certainly not a preferred creditor. The record shows that his widow is still living. She may be entitled to exemptions from the estate or to support money, either of which constitutes a claim against the estate superior to that of plaintiff, if plaintiff is entitled to recover at all.

For the foregoing reasons the appellant is entitled to a reversal, and it is not necessary to decide the other questions submitted.

The judgment and order appealed from should be reversed.