LEWIS, Appellant, v. TINSLEY, et al, Respondents

(287 N. W. 507.)

(File No. 8188. Opinion filed September 9, 1939.)

*E. B. Adams,* of Hot Springs, and *Geo. E. Flavin,* of Rapid City, for Appellant.

*H. F. Fellows,* of Rapid City, for Respondents.

RUDOLPH, J. Laura B. Lewis died in Pennington County and left surviving her, among other heirs, Bruce E. Lewis who seeks in this action to quiet title in himself to certain real property. Plaintiff claims title to this property as an heir to Laura Lewis. The defendants are grantees named in certain deeds which purport to convey to them the title to the real property here involved. The evidence in the case is meager and undisputed. The plaintiff at the outset of the trial offered in evidence the record of certain deeds wherein the title to the real property which is here in dispute was conveyed to Laura B. Lewis. The defendants then offered in evidence the record of the deeds wherein Laura B. Lewis conveyed the property to the defendants. The plaintiff then called to the witness stand the defendant, Bert F. Lewis, and by this witness, and a nurse attending Mrs. Lewis, established the following facts, which are without dispute in the record. Laura B. Lewis was the mother of the plaintiff, Bruce E. Lewis, and the defendants, Bert F. Lewis and Lucille Tinsley. In December, 1935, she was ill and confined in the hospital in Rapid City. While thus confined Mrs. Lewis called to the hospital Mr. Buell, a lawyer in

Rapid City. The nurse testified: "He came up with the papers and I stepped out of the room. I was called in later. Mr. Buell left with the papers." The nurse did not attempt to testify what the papers were or their nature. Thereafter Mr. Buell turned over to Bert F. Lewis the deeds here in dispute, one purporting to convey certain property to Lucille Tinsley, another purporting to convey certain property to Bert F. Lewis, and the third purporting to convey certain property to the Presbyterian Church of Rapid City. Bert F. Lewis testified that Mr. Buell gave him these deeds and told him to take care of them; that this was before Mrs. Lewis died; that thereupon he secured from Laura B. Lewis, his mother, the key to her safety deposit box where she kept her private papers, placed the deeds in that box and returned the key to the mother. Bert testified that he did not have a key to the box, but his mother "turned over the key anytime she wanted anything out of the box or wanted me to go to the box." These three deeds remained in this safety deposit box until after the death of Laura B. Lewis, at which time Bert took the deeds from the box, had the deed running to him and the deed running to Lucille Tinsley recorded, and delivered to the pastor of the Presbyterian Church the third deed which was thereafter placed of record. There was introduced in evidence the will of Laura B. Lewis wherein she specifically devised certain real property, but made no mention of the property here in question. The defendant, Bert F. Lewis, was named as the executor of this will, and plaintiff offered in evidence the petition for admission of the will to probate signed by Bert F. Lewis wherein was listed the property here in question as assets of the estate of Laura B. Lewis. Bert testified that listing this property as assets of the estate was a mistake of either himself or his lawyer, and that he could not account for it.

The trial judge found that the defendants, Lucille Tinsley, Bert F. Lewis, and the Presbyterian Church, were the owners of the property described in the three deeds, and the plaintiff has appealed.

■ The rule is well established in this court that a deed duly executed and acknowledged and shown to be in the possession of the grantee is presumed to have been delivered by the grantor to the grantee, and that the burden of overcoming this presumption is upon the party claiming it was not delivered. McGillivray v.

Wipf, 64 S. D. 367, 266 N. W. 724; Merkamp v. Niles, 62 S. D. 241, 252 N. W. 636; Wolf v. Wolf, 59 S. D. 418, 240 N. W. 349; Ansted v. Grieve, 57 S. D. 215, 231 N. W. 912. It is upon this well established rule that respondents rely and upon which the trial court apparently based its decision. It is respondents' position here that the plaintiff has failed to establish sufficient facts to overcome the presumption of delivery which arose when defendants established their possession of the deed duly executed and acknowledged.

 This rule upon which respondents rely is well stated in Wolf v. Wolf, supra [59 S. D. 418, 240 N. W. 350] : "Possession of the deed by the grantee, unexplained, raises the presumption of a delivery to him *by the grantor."* It should be noted, however, that the presumption is that the deed was delivered to the grantee *by the grantor.* Delivery by the grantor to the grantee is the usual and customary manner of delivering deeds, and it is usual and customary for the grantor to intend to convey title when he places a deed in the possession of the grantee. Because of this usual and customary practice it is only natural to presume, when possession of the deed is established, that the deed was placed in the possession of the grantee by the grantor and with the intent to convey title. As stated in the case of Thomas v. Sullivan, 138 Mich. 265, 101 N. W. 528, 530: "The rule is well settled that, if a deed is delivered by the grantor to the grantee, the presumption arises that it is for his use * * *."

 While it is natural and reasonable to presum from the possession of a deed that the deed was delivered to the grantee by the grantor and that grantor intended to convey title, the facts here compel the question of whether this presumption of delivery which arises from possession of a deed should remain after it is shown that the deed was not placed in the possession of the grantee by the grantor but came to the grantee through the hands of a third person. The facts here disclose that the deed came into the possession of Bert through the hands of Mr. Buell. As stated above the natural presumption is, if a person has possession of a deed in which he is the named grantee, that he obtained such possession from the grantor who, when he placed the grantee in possession of the deed, intended to convey title. Should the presumption continue when it is shown that the deeds were not placed in the possession of the

grantee by the grantor, but came to his possession through some third person? It appears to us that when this fact (delivery by person other than the grantor) is shown that the underlying reason which justifies the presumption has ceased to exist.

The Iowa court in the case of Trask v. Trask, 90 Iowa 318, 57 N. W. 841, 842, 48 Am. St. Rep. 466, said: "A delivery to a third person does not authorize a presumption that it is done with the intention of passing the title. The facts and circumstances attending the transaction must be such as to show that the grantor intended that the deed should be delivered by the custodian to the grantee." The Michigan court in the case of Thomas v. Sullivan, supra, said: "The rule is well settled that, if a deed is delivered by the grantor to the grantee, the presumption arises that it is for his use, but, if it is handed to a stranger, there is no such presumption, for the delivering to the stranger may have been by mistake or for safekeeping simply, or for some other purpose wholly independent of an intent to transfer the estate." And in the case of Lessee of Mitchell v. Ryan, 3 Ohio St. 377, the Ohio court said: "If the deed be delivered to the grantee, the natural presumption is that it is for his use, and no words are necessary. But if it be handed to a stranger there is no such natural presumption; and hence, unless there be something besides the mere act of delivery to evidence the intent, it is impossible to say that the grantor designed to part with the title."

We believe the expressions of these three different courts just quoted are sound, and that the reasoning therein when applied to the law as it exists in this state, establishes substantially the following result. A presumption of delivery arises from the mere possession of the deed by the grantee. This presumption presupposes a delivery of the deed directly from the grantor to the grantee and is based upon the fact that it is natural and reasonable to presume that, when a grantor places a deed in the possession of the grantee, it is done with the intent to convey title. However, when it is shown that the deed came into the possession of the grantee through the hands of a third person, the reason underlying the presumption has vanished, and the case stands or falls upon the evidence presented to the court. So in this case, the presumption upon which respondent relies, and upon which the trial court apparently decided this case was overcome by the show-

ing that deeds were not turned over to the grantees by the grantor, but were delivered by the grantor to a third person. Without the presumption there is nothing in the facts to support the finding and conclusion of the trial court.

The judgment and order appealed from are reversed.

POLLEY, ROBERTS, and SMITH, JJ., concur.

WARREN, P.J., concurs in reversal.