HAGEN, Appellant v. PALMER, Respondent

(210 N.W.2d 164)

(File No. 10987. Opinion filed August 31, 1973)

Benson, Beach, Fingerson & Wehde, Huron, for plaintiff and appellant.

Gillette & McClure, Redfield, for defendant and respondent.

DOYLE, Justice.

This is an action to set aside a deed to a quarter section of land for lack of consideration and nondelivery of the deed with the proviso that the plaintiff pay to the defendant any sum due defendant on account of the purchase of said property, less the reasonable value of use of the land during the defendant's possession. The trial court entered judgment for the defendant and plaintiff appeals.

The plaintiff, Ethel C. Hagen, was formerly married to Paul Palmer, deceased, who was the son of Charles Palmer, the defendant in this action. They were married in 1951 and lived with the father until 1953 when they moved to a farming unit consisting of approximately 720 acres owned by the father. The land in dispute is contiguous to the unit owned by the father. On March 19, 1958, Paul Palmer purchased the land in question, one quarter section. He borrowed $600 from the bank and $5000 from his father in order to pay for the land. Paul and his wife Ethel resided on this unit, which included the part rented from the father and the quarter section purchased by Paul, until Paul Palmer died in July 1963. There was no formal lease or rent agreement between Charles Palmer and Paul Palmer. In No-

vember 1962, Paul Palmer learned that he had terminal cancer. On January 5, 1963, Paul Palmer and his wife Ethel Palmer executed a warranty deed conveying the quarter section of land in question to Charles Palmer. This warranty deed was drawn in an attorney's office, acknowledged by the attorney, mailed to the Register of Deeds of Hyde County where it was duly recorded and then returned to the attorney. The deed was subsequently mailed to the Paul Palmer residence and placed in their files. The defendant did not see the deed until it was shown to him at the trial. After the death of Paul Palmer, on July 29, 1963, his wife Ethel continued to live on the unit. However, the defendant, Charles Palmer, took possession of the parcel of land in question and leased it, collecting rent from 1964. He also paid the real estate taxes on the land from 1963 to date of trial. Ethel Palmer was the executrix of the estate of Paul Palmer, and the land in question was not included as part of the estate of Paul Palmer.

There are several propositions presented on appeal; however, the question of delivery of the deed is determinative of this lawsuit. The finding of fact and conclusion of law of the trial judge was that a preponderance of the evidence established that the deed executed by Paul and Ethel Palmer on January 5, 1963, was constructively delivered to the grantee, Charles Palmer. The trial court's finding, of course, will not be disturbed on appeal unless clearly erroneous. In re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455. SDCL 15-6-52(a).

■ The general rule concerning delivery is stated in Powell on Real Property, Vol 6, ¶ 896, p. 249 at 252, as follows:

"The finding of delivery rests upon a judicial conclusion that the conduct of the grantor justifies a finding of his intent to treat the deed as an unrecallable instrument giving the grantee what the deed purports to convey to him." SDCL 43-4-9 states:

"Though a grant be not actually delivered into the possession of the grantee, it is yet to be deemed constructively delivered where the instrument is, by the agreement of the parties at the time of execution, understood to be delivered, and under such circumstances that the grantee is entitled to immediate delivery."

Whether there has been delivery is a question of intent to be found from all the facts surrounding the transaction. Senechal v. Senechal, 79 S.D. 416, 112 N.W.2d 618; McGillivray v. Wipf, 64 S.D. 367, 266 N.W. 724. "The fact that a deed has been duly executed, acknowledged, and recorded is prima facie evidence of its delivery", Huber v. Backus, 1961, 79 S.D. 342, 112 N.W.2d 238. Wolf v. Wolf, 1932, 59 S.D. 418, 240 N.W. 349.

■ The evidence disclosed affirmative acts by the plaintiff from which the trial court could reasonably find an intent on her part and a knowledge of the intent of Paul Palmer to treat the deed as having been delivered to the grantee. Plaintiff was the executrix of the estate of Paul Palmer and his sole heir, and throughout the proceedings of said estate she made no claim that Paul Palmer had any interest in the land. The plaintiff, together with her husband, Oscar Hagen, leased and paid rent for this land in the year 1965. The defendant was permitted to take possession of the real estate, to lease it from 1964 and to retain all rental therefrom without any objection from the plaintiff. The defendant has also paid all real estate taxes on this property for the years 1963 to date of trial. There was testimony by the defendant that prior to Paul Palmer's death he had two conversations with his son regarding this parcel of land. The first conversation was in the fall of 1962 when Paul told his father, " 'daddy, * * * I am going to give that quarter back to you. * * * I owe it to you.' " The second conversation occurred sometime between January 5, 1963 and July 1963, at which time Paul told his father that he had conveyed the property to him. Plaintiff, herself, testified that she knew that defendant was aware that Paul Palmer had put this parcel of land in the defendant's name and had informed him of this fact. There was testimony of a neighbor who stated that on January 5, 1963, the date of the deed, Paul Palmer had told him that he had transferred the parcel of land in question to his father because he owed money on it and felt he should turn it back to him.

■ The evidence disclosed that delivery and acceptance of the deed were accomplished by the parties. The plaintiff relies primarily on Cassidy v. Holland, 27 S.D. 287, 130 N.W. 771, in which this court held that:

> "Where a deed is found in the possession of the grantor unexplained, the presumptions in relation to the delivery thereof are exactly opposite to those where the deed comes from the possession of the grantee."

In that case, however, the deed was not recorded and had never been out of the grantor's possession; consequently, the opinion does not apply to the facts in the present case.

■ The plaintiff also claims that Paul Palmer executed the deed in question to avoid future creditors. The evidence, however, shows that Paul Palmer acknowledged indebtedness to the father, Charles, and the land in question was the only property transferred by Paul to the defendant. He did not transfer any other property but disposed of it by a will. The evidence justifies the court's finding that Paul Palmer intended to convey the land to the defendant to settle his indebtedness and keep the unit together. It was a deed made with the intent to settle with his father, a creditor, rather than a deed made to avoid future creditors.

In view of the trial court's express finding of constructive delivery of the deed, supported not only by the testimony of the defendant but by testimony of the plaintiff, and affirmative acts on the part of the plaintiff disclosing an intent that the deed had in fact been delivered, we conclude that judgment for the defendant be affirmed.

BIEGELMEIER, C. J., and HANSON and WOLLMAN, JJ. and MUNDT, Circuit Judge, concur.

MUNDT, Circuit Judge, sitting for WINANS, J., disqualified.