SANDERS *v.* CAMPBELL.

**1. COVENANTS—LACHES—BUILDING RESTRICTIONS—ESTOPPEL.**
   Mere lapse of time would not estop property owners in a
   restricted subdivision from enforcing the restrictions
   against an owner erecting signs in front of his house and
   conducting a real estate business there, especially where
   the growth of the signs, which were temporary in char-
   acter and could be removed without injury to the property,
   had been gradual, and suit was commenced when they
   had grown to a stage where they threatened to destroy
   the residential character of the neighborhood.[1]

**2. EQUITY—LACHES.**
   Delay in asserting a right does not in itself constitute
   laches, but it must be accompanied by some prejudice to
   the adverse party that would make it inequitable to assert
   the right after a lapse of time.[2]

**3. COVENANTS—BUILDING RESTRICTIONS — CHANGED CHARACTER OF
   NEIGHBORHOOD.**
   Where the only substantial changes in the character of a
   neighborhood are outside a restricted subdivision, which
   is still a high class residential district, there has been no
   such change in the neighborhood that it would now be
   inequitable to enforce the restrictions on said subdivision.[3]

Appeal from Wayne; Marschner (Adolph F.), J.
Submitted April 23, 1925.    (Docket No. 97.)    De-
cided July 16, 1925.

Bill by Clyde C. Sanders and others against Edward
J. Campbell and another to restrain the violation of
building restrictions.    From a decree for plaintiffs,
defendants appeal.    Affirmed.

---

[1]Deeds, 18 C. J. § 466; Injunctions, 32 C. J. § 53; [2]Equity, 21
C. J. § 219; [3]Deeds, 18 C. J. § 465 (Anno); Injunctions, 32 C.
J. § 328.

*Clyde C. Sanders* and *Donald J. McGaffey,* for plaintiffs.

*Harold M. Shapero* and *Samuel Shapero* (*Paul J. Wieselberg,* of counsel), for defendants.

McDONALD, C. J.    The purpose of this bill is to enjoin the defendants from violating a building restriction covering property in the LaSalle Gardens subdivision in the city of Detroit.    The plaintiffs are all property owners in this subdivision, which contains 405 lots.    The defendants are the owners of a residence on the north 60 feet of lots 151 and 152 in which they reside, and in which the defendant Edward J. Campbell carries on an extensive real estate business, using the front of his house and front yard for large signs, which are offensive to his neighbors.    It is also alleged that he has begun the erection of an addition to his residence with a direct entrance upon Linwood avenue, which he intends to occupy as a real estate office.    The defendants concede that what they are doing constitutes a violation of the building restrictions, but deny that the plaintiffs are entitled to relief for two reasons, *first,* because of their laches and, *second,* because of a change in the character of the neighborhood about Linwood avenue, which renders the enforcement of the restriction inequitable at this time.    On the hearing the circuit judge entered a decree enjoining the use of the property by defendants, except for residence purposes, and commanded them to remove all signs with the exception of a sign two feet by nine inches with the defendants' name and occupation thereon.    From this decree the defendants have appealed.

The first question presented by the record is whether the plaintiffs are now estopped by reason of laches from complaining of the defendants' infraction of the

231—Mich.—38.

restriction. It is the defendants' claim that Mr. Campbell has conducted a real estate business in his residence since February, 1920, with the knowledge of plaintiffs, but without objection on their part. There is evidence that about two years previous to the beginning of this suit Mr. Kennedy, who had charge of the subdivision for the owner, wrote to Mr. Campbell protesting against the use of these premises for business purposes. Mr. Matthaei, who owns property in the neighborhood, testifies that he talked with Mr. Campbell, but how long before the beginning of suit the record does not show, and that Campbell told him, "the signs were only temporary, that it was not necessary that he should have them, and that the biggest part of his business was done away from there anyway." We think that as to these signs, the delay in bringing suit has not affected plaintiffs' right to have them removed. They are temporary in character and easily removable without injury to the building. In fact their removal would be a benefit to the property. It is not business property, but is in a strictly residence district. Originally the signs, few in number, consisted of small blackboards leaning against the front porch of the house. As the business increased the signs increased in number and size. As stated by counsel for the plaintiffs, "the progress of the signs was insidious." They gradually grew into a stage where, if continued, they would destroy the residential character of the neighborhood and thus subvert the original plan in the development of the subdivision. During the delay in proceeding against the defendants, the plaintiffs were busy in enforcing the restriction as to others. Except as might be indicated by mere lapse of time, there is no evidence that they intended to abandon their right to insist on the enforcement of the restriction as to the defendants. They were not put in any worse position by

the delay.    If now enforced the delay will have caused them no financial loss.    If proceedings had been begun promptly, defendant Campbell would have lost the financial benefit which he has had from the signs during the period of delay.    Now his only loss will be the financial benefit which they would be to him in the future, if allowed to continue their use.    Delay to assert a right does not in itself constitute laches. It must be accompanied by some prejudice to the adverse party that would make it inequitable to assert the right after a lapse of time.    There is no element of that character in this case.    The signs are inexpensive and may easily be removed without injury to the premises or financial loss to the defendants.    In *Kelman* v. *Singer,* 222 Mich. 454, this court said:

"The trial judge viewed the premises and from such view and from the testimony was convinced that the structure was temporary in character.    We agree with him.    Because of the known character of the structure we think that plaintiffs in suffering it to remain for a period of three years are not barred from right to relief here sought."

We think the circuit judge was right in holding that the plaintiffs' delay in bringing this suit does not estop them from maintaining their action for the enforcement of the restriction.

Has the character of the neighborhood so changed that it would now be inequitable to enforce the restriction?    The only substantial changes pointed out by counsel for the defendants are not within the subdivision.    They are on the west side of Linwood avenue where stores and business buildings have been erected.    No changes of any substantial character have been made in the subdivision.    It is still a high-class residential district covered by restrictions of great value to the plaintiffs.    The defendants' claim as to the effect of the changes which have occurred on Linwood avenue is fully answered by Justice SHARPE

in *Bohm* v. *Silberstein*, 220 Mich. 278, where in a like situation it was said:

"It, in itself, is a residential district in which homes of considerable value have been constructed. The building restrictions in the deeds have thus far been substantially complied with. The fact that adjoining or surrounding property is now used for business purposes does not alter the character of the subdivision itself and the owners of property therein are entitled to have it preserved for the use for which it must be assumed they purchased it."

The defendant Edward J. Campbell is a real estate man. He purchased a residence in this subdivision where he had sold property and knew all about the restriction. He deliberately set about to violate it by converting his residence into a business place. He did it so inartistically that it became an eyesore to the community. He can restore its residential character without any expense. The circuit judge was right in compelling him to do so. By allowing him to retain a sign of the character mentioned in the decree, the circuit judge gave him every advantage that he was entitled to by reason of the delay of the plaintiffs in asserting their right to an observance of the restriction.

The decree is reasonable and is in all respects affirmed, with costs to the plaintiffs.

CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. BIRD, J., did not sit.