COLLINS *v.* LAMOTTE.

SAME *v.* SAME.

1. WITNESSES—WAIVER—EVIDENCE—CROSS-EXAMINATION ON TESTIMONY TAKEN FOR RETURN TO SUPREME COURT.

Where testimony, incompetent because equally within the knowledge of the deceased, was received for return to the Supreme Court under 3 Comp. Laws 1915, § 12493, cross-examination thereon for the same purpose, which was closely confined to matters brought out on direct examination, was not a waiver of the statute barring such testimony, although the purpose of the cross-examination was not announced.

2. TRIAL—PROPER PRACTICE IN REGARD TO TESTIMONY TAKEN FOR RETURN TO SUPREME COURT.

Where testimony is offered for return to the Supreme Court under 3 Comp. Laws 1915, § 12493, the proper practice is to make the purpose clear on the record both as to examination and cross-examination; otherwise waiver may occur.

3. DEEDS—DELIVERY PRESUMED FROM GRANTEE'S POSSESSION OR RECORDING REBUTTABLE—BURDEN OF PROOF.

Delivery of a deed will be presumed from its possession by the grantee, or from the fact that it has been recorded, even though it be recorded after the grantor's death, but said presumption is rebuttable, and, where assailed by adverse evidence, the burden of proof is ordinarily on the person relying on the deed.

4. SAME—PRESUMPTION OF DELIVERY REBUTTED.

Testimony by grantee that she found the deed among grantor's papers after his death and had it recorded, and that she had not known of it before, rebutted the presumption of delivery arising from the recording.

5. SAME—DELIVERY NOT SHOWN.

Delivery of a deed, *held*, not shown by the record.

Delivery of deed to third person, or for record, or record of, as delivery to grantee, see annotation in 54 L. R. A. 865; 9 L. R. A. (N. S.) 224; 38 L. R. A. (N. S.) 941.

6. CANCELLATION OF INSTRUMENTS—DEEDS—TRUSTS.

In a suit in behalf of an insane wife and children to set aside a deed to a house and lot standing in the name of a woman with whom the husband and father lived up to the time of his death, her claims that she had money of her own, and that she paid for the property and the improvements thereon, *held*, not established by the record, which is persuasive that the money was furnished by him and the title taken in her name to escape difficulties which might arise from his wife's disability.

7. SAME—DELIVERY—FRAUD.

In a suit in behalf of an insane wife and children to set aside a deed to a house and lot standing in the name of a woman with whom the husband and father lived up to the time of his death, her claim that a deed from her to him was void for want of delivery and for his fraud in concealing the fact of his former subsisting marriage, *held*, not established by the record.

8. SAME—SETTING ASIDE DEED—LACHES.

Time alone does not constitute laches, but there must have been a change of conditions which would render it inequitable to enforce the claim or a showing that the defendant was prejudiced by the delay.

9. APPEAL AND ERROR—OFFER IN COURT BELOW NOT WITHDRAWN MAY BE TAKEN INTO CONSIDERATION BY SUPREME COURT.

In view of the fact that an offer made by plaintiffs in the court below has not been withdrawn, and that the case on appeal is heard *de novo*, said offer may be taken into consideration and given effect by the Supreme Court.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted June 21, 1928. (Docket No. 8, Calendar No. 33,606.) Decided October 24, 1928.

Separate bills by Alice D. Collins, an insane person, by George W. Bycroft, guardian, and Frank E. Collins and another against Esther E. Lamotte to

set aside a deed. The cases were consolidated and heard as one. From a decree for defendant, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*Frank D. Andrus* and *Samuel Shimans,* for plaintiffs.

*Prentis, Pugh, Fitch & Carpenter,* for defendant.

FEAD, C. J. These actions, heard together, are primarily to set aside a deed executed by Elmer E. Collins to defendant, with accounting for dower rights of his widow. Elmer E. Collins was a policeman. In 1893, his wife, plaintiff Alice D. Collins, became insane and was committed to a State hospital, where she remained until her death on April 7, 1927, after appeal herein. Plaintiffs Frank E. Collins and Ethel Collins-Drew are their children and only heirs.

On November 7, 1901, at Toledo, Ohio, Elmer E. Collins went through a form of marriage ceremony with defendant. They lived together in Detroit until his sudden death on May 21, 1916. She testified she then first learned that their marriage was invalid. In the probate of his estate she presented a claim for services as his housekeeper and was awarded $4,952.

Four days after the Toledo ceremony, Collins had a deed to property, which he had been buying on contract, taken in defendant's maiden name. This property was sold in August, 1907, and the proceeds deposited in a bank account established by him in 1903 and afterward made joint with defendant. In 1903, when Collins was absent for three months, he left the property in charge of his son.

On January 4, 1905, the lot at bar was deeded to defendant in her name of Esther E. Lamotte, and

she gave back a purchase money mortgage for part of the consideration. The next day she executed a deed of the premises to Collins, signing "Miss Esther E. Lamotte." This deed was not recorded until October 11, 1909. On the latter date, Collins recorded the instrument and executed to defendant, in the name of Esther E. Lamotte, a warranty deed of the premises. This deed was recorded by defendant ten days after Collins' death. On December 4, 1907, defendant, as "Esther E. Lamotte," executed a $2,400 mortgage on the lot. A duplex dwelling house was erected within the next year, costing between $5,000 and $6,000. Since Collins' death, defendant has lived in the building, has collected the rents, and expended about $3,000 in repairs and improvements.

These actions were commenced December 22, 1925. Plaintiffs seek to set aside the deed of October 11, 1909, from Collins to defendant on the grounds that it was without consideration and was never delivered to her. By way of cross-bill, defendant asks that her deed of January 5, 1905, to Collins be declared void for want of delivery and also for fraud of Collins in concealing the fact of his former subsisting marriage.

Considerable testimony, incompetent because equally within the knowledge of the deceased, was received by the chancellor for return to this court under 3 Comp. Laws 1915, § 12493. Plaintiffs' counsel cross-examined defendant upon the testimony so taken. They confined themselves closely to the matters brought out on direct examination. Such cross-examination was not a waiver of the statute. Counsel did not announce that the cross-examination was for return. The safer practice is to make the purpose clear on the record both as to examination and cross-examination. Otherwise waiver may occur.

Delivery of a deed will be presumed from its possession by the grantee (*Dawson* v. *Hall*, 2 Mich. 390; *Wilbur* v. *Grover*, 140 Mich. 187); or from the fact that the deed has been recorded (*Murphey* v. *Township of Lee*, 239 Mich. 551), even though it be recorded after grantor's death (*Barras* v. *Barras*, 192 Mich. 584). The presumption is rebuttable, and, where assailed by adverse evidence, the burden of proof is ordinarily on the person relying on the deed. *Barras* v. *Barras*, *supra*.

Eliminating the incompetent testimony, delivery of the deeds was not shown by any direct evidence. At the hearing of her claim against Collins' estate, defendant testified that she had found the deed from him to her among his papers and that she did not know of it until after he died. This declaration of defendant rebutted the presumption of delivery from the recording. When the surrounding circumstances are taken into consideration, it is evident that it was Collins' purpose to hold title in himself during his lifetime and to make testamentary disposition of the property to defendant. Defendant has not sustained the burden of proof of delivery.

Delivery of the deed from defendant to Collins and her claim of fraud may be discussed together. Defendant's claim that she had independent means through inheritance of property and money from her mother, and the earning of considerable sums by her own labor, was not supported by any documentary, record, or other tangible proof. Nor was her claim that she paid for the premises at bar and for the building thereon. The bank account disclosed deposits so regular as to convincingly suggest pay days rather than indefinite and variable family income; and withdrawals in amount and time correspond fairly with the expenditures for purchase of

the property, construction of the building, and payments on the mortgage. Collins had complete management of the property during his whole lifetime, defendant merely collecting some of the rents. We are persuaded that, in connection with this property, Collins was transacting his own business, that he paid the purchase price, took title in defendant to escape the difficulties which might arise from his wife's disability, and that defendant was merely the temporary repository of the title and was not defrauded through her conveyance to the true owner. The surrounding and subsequent circumstances support the presumption of delivery of the deed to him.

Nor can it be said that the testimony is convincing that defendant was ignorant of her marital status. She was 29 years old at the time of the Toledo ceremony and had conducted a successful dressmaking establishment for years. The use of her maiden name in two deeds and two mortgages executed by her, the first only four days after the ceremony, throws grave suspicion on her claim. Some four or five years after the ceremony she went to the hospital to see Mrs. Collins. In 1908 she discovered that he had children living, she also learned of his brother-in-law, Bycroft, whom she notified at once when Collins died. She never met the children, nor Bycroft, nor any of Collins' associates, and never visited him at the station. The record is silent that he introduced her about as his wife or that they were known to the public generally as married.

Defendant also charges that plaintiffs were guilty of laches in bringing suit because Collins died in 1916 and these actions were not begun until 1925. Time alone does not constitute laches, but there must have been a change of conditions which would render it inequitable to enforce the claim (21 C. J.

p. 212 *et seq.*), or a showing that the defendant was prejudiced by the delay. *Orloff* v. *Stott*, 239 Mich. 563.

Any reasonable claim of inequity or prejudice is obviated by the unconditional offer in writing, made by plaintiffs Frank Collins and Ethel Drew through their counsel and filed in the cause, waiving accounting for rents collected by defendant since Collins' death and offering that she be allowed the cost of the improvements she had made upon the property since he died and the amount of her awarded claim against his estate. In view of the fact that the offer has not been withdrawn, and that the case is here heard *de novo,* the offer may be taken into consideration and given effect by this court. *Brender* v. *Stratton*, 216 Mich. 166 (22 A. L. R. 728).

The decree will be vacated and a new one entered setting aside the deed from Collins to defendant, allowing defendant the items stated in the offer of plaintiffs, declaring the sum a lien upon the premises and providing for foreclosure, with costs to plaintiffs. In case counsel agree upon such allowances, the amounts may be incorporated in the decree. In case of disagreement, the decree will provide for reference to the circuit court to determine such amounts.

North, Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.