SPENCER *v.* CHILDERS.

1. EQUITY—DELAY—LACHES—PREJUDICE.
Delay in asserting a right does not in itself constitute laches as the delay must have resulted in some prejudice to the party asserting laches which would make it inequitable to disregard the lapse of time and incidental consequences.

2. COVENANTS—BUILDING RESTRICTIONS—ACQUIESCENCE.
In suit to enforce building restrictions in a residential subdivision where plaintiffs have acquiesced for about 20 years in the use for residence purposes of a temporary structure at the alley line and such building was obviously usable for such purpose only temporarily, defendant was not prejudiced by plaintiffs' acquiescence and delay in asserting their rights where restrictions elsewhere in the entire subdivision have been fully met.

3. INJUNCTION—RELIEF TO DEFENDANT—REMODELING OF NONCONFORMING BUILDING.
Defendant whose use of building at rear of lot has not conformed to building restrictions otherwise observed throughout subdivision is allowed 90 days after affirmance of order granting injunction restraining continuance of such use within which to remodel, alter or repair building so as to permit use as garage in conformance with restrictions.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 12, 1943. (Docket No. 38, Calendar No. 42,512.) Decided November 29, 1943. Rehearing denied February 24, 1944.

Bill by Steven Spencer and others against Morris Childers to enforce building restrictions. Decree for plaintiffs. Defendant appeals. Affirmed.

*Asher L. Cornelius,* for plaintiff.

*Wendell Brown,* for defendant.

BUSHNELL, J. The parties hereto entered into a written stipulation of facts, wherein it is agreed that defendant Morris Childers is the owner of lot 24, on which the building in question is located and which he acquired by warranty deed on December 16, 1939. The recorded deed to this lot from the original subdividers, dated April 28, 1920, contains the following restrictions:

"No grantee shall erect on any lot from 5 to 55, inclusive, any building other than one private residence and the usual garage or outhouse appurtenant thereto. No grantee's private residence is to cost less than $4,000 and said garage or outhouse appurtenant thereto to cost not less than $300; one two-family flat for two families only, or one double house for two families only, and the usual garage or outhouse appurtenant thereto, said two-family flat or double house to cost not less than $6,000 and said garage or outhouse appurtenant to said two-family flat or double house, to cost not less than $600. The location of any grantee's private residence two-family flat or double house shall be as follows: No part or projection of any grantee's private residence, two-family flat or double house shall be located nearer than 25 feet to the front or street line of any grantee's premises, nor nearer than 6

feet to either of the side lines of any grantee's premises.''

On August 10, 1920, the department of building and safety engineering of the city of Detroit granted a building permit to one John McIntosh for the erection of a one-story frame garage, size 27'x20', the estimated cost of which was $500. This frame garage was erected on substantially the alley line of lot 24 and remained there from 1920 until the purchase of the property by Childers. During this time it was occupied as living quarters by various people. The plaintiffs, 38 in number, are owners of property on Goldengate avenue, west, between Woodward and Charleston avenues in Grix Home Park subdivision.

The proofs show that on November 28, 1940, the department of building and safety engineering issued a permit for the alteration of this structure, with permission to move it forward $5\frac{1}{2}$ feet, and install 12"x12" masonry piers $3\frac{1}{2}$ feet below grade, the cost of the moving operation to be $140.

Plaintiffs filed their bill of complaint on December 2, 1940, and sought to have defendant permanently enjoined from renting the building, making any repairs or alterations thereon, or moving the same, and that Childers be required to abate the claimed nuisance by tearing down and dismantling the building. In answer to this bill of complaint, Childers charged that plaintiffs had lost or waived whatever rights they may have had relative to the existence of the building. The testimony shows that at least some of the plaintiffs had acquiesced in the temporary use of the frame building for residential purposes, although they disclaimed any intention to waive any of the restrictions. The trial court found that, although the restrictive covenants required

the erection on lots 5 to 55, inclusive, of private residences to cost not less than $4,000, that the neighborhood had been built up with residences worth close to $10,000, according to present valuations. Photographs received in evidence show that the building in question was only of a temporary nature and, because of its location, must have been viewed by prospective purchasers as such.

Defendant testified that he had been dealing in real estate to some extent and, when he bought the lot in question, he was furnished with an abstract and saw the restrictions therein. An administrative assistant of the department of building and safety engineering testified that the building permit issued in 1920 bore a notation as of October 5, 1920, stating, ''completed as a temporary building.''

The controlling question is whether plaintiffs are estopped to assert their rights because of laches. The trial judge correctly held that, where nothing had been done to mislead the defendant, he had not been prejudiced by plaintiffs' lack of action.

In *Carey* v. *Lauhoff*, 301 Mich. 168, the court applied the rule laid down in *Sanders* v. *Campbell*, 231 Mich. 592, where it was held that, even where there was delay in asserting the right, that of itself did not constitute laches, but that it must appear that the delay resulted in some prejudice to the party asserting laches which would make it inequitable to disregard the lapse of time and the incidental consequences.

On the record before us, defendant has utterly failed to show that he was prejudiced in any way by the inaction of plaintiffs. It is undisputed that the entire subdivision fully meets the restrictions set up in the original deed, and even goes beyond that, and that plaintiffs only acquiesced in the temporary use of the building.

The decree entered in the circuit court is affirmed, provided, however, that appellant may have 90 days after our decision herein within which to remodel, alter or repair the building so that the same may be used as a garage.   Costs to appellees.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.