BRYDGES v. EMMENDORFER.

1. Bankruptcy—Renewal Notes—Fraudulent Conveyances.
   Notes given to heirs of creditor to whom bankrupt was indebted at date of alleged fraudulent conveyance will not be treated as payment of the original indebtedness (3 Comp. Laws 1929, § 13436).

2. Fraudulent Conveyances—Assignment by Creditor.
   A conveyance void as against a creditor is equally void as against the heirs, successors, or assigns of such creditor (3 Comp. Laws 1929, § 13436).

3. Equity—Statute of Limitations—Laches.
   The statute of limitations does not control the question of laches in equitable actions.

4. SAME—LACHES—CHANGE OF CONDITIONS.

Time alone does not constitute laches, but there must have been a change of conditions which would render it inequitable to enforce the claim or a showing that the defendant was prejudiced by the delay.

5. FRAUDULENT CONVEYANCES—TENANCY BY ENTIRETY—INSOLVENCY —CONSIDERATION.

Circumstances surrounding conveyances, made by defendant debtor without a fair consideration, which placed title to his farm in a tenancy by the entirety and beyond the reach of his individual creditors, thereby causing his insolvency, *held*, such as to justify finding they were fraudulently made to hinder, delay and defraud his creditors (3 Comp. Laws 1929, § 13392 *et seq.*).

6. SAME—ACTUAL INTENT DERIVED FROM SURROUNDING CIRCUMSTANCES.

In a suit to set aside a conveyance alleged to have been made with actual intent to hinder, delay or defraud present or future creditors, the only method of determining actual intent is by a consideration of the circumstances surrounding the transaction (3 Comp. Laws 1929, § 13398).

7. SAME—ACTUAL INTENT—BADGES OF FRAUD.

Surrounding circumstances which usually accompany an actual intent to hinder, delay or defraud creditors and from which fraud may be inferred are called badges of fraud (3 Comp. Laws 1929, § 13392 *et seq.*).

8. SAME—INSOLVENCY OF GRANTOR.

When a questioned conveyance renders the grantor insolvent, fraudulent intent may be inferred (3 Comp. Laws 1929, § 13392 *et seq.*).

9. SAME—TRANSACTIONS BETWEEN MEMBERS OF A FAMILY CLOSELY SCRUTINIZED.

As a general rule transactions between members of a family must be closely scrutinized when the rights of creditors are involved and when such transactions are accompanied by other badges of fraud, a full explanation of the conveyance is required when it is challenged by an unsatisfied creditor (3 Comp. Laws 1929, § 13392 *et seq.*).

Appeal from Saginaw; Reid (Neil J.), J., presiding. Submitted April 10, 1945. (Docket No. 13, Calendar No. 42,888.) Decided May 14, 1945.

Bill by William J. Brydges, trustee in bankruptcy for Philip E. Emmendorfer, against Philip E. Emmendorfer and wife to set aside conveyances of real estate. Decree for plaintiff. Defendants appeal. Affirmed.

*Nash & Nash,* for plaintiff.

*Ryan, Doozan & Scorsone,* for defendant.

BOYLES, J.    Prior to April 13, 1934, one Philip E. Emmendorfer owned a 120-acre farm in Saginaw county.    On that date he conveyed his farm to a grantee who in turn conveyed it to Philip and his wife Grace Emmendorfer, defendants herein, as tenants by the entirety.    At that time Philip Emmendorfer owed debts and admittedly did not have enough property, outside of the 120-acre farm, to pay the same.    When he put the title to the farm into a tenancy by the entirety he thereby became insolvent.

In August, 1941, he filed a voluntary petition in bankruptcy, was adjudged a bankrupt and William J. Brydges, plaintiff herein, was appointed trustee. Claims were filed and allowed in the bankruptcy proceeding approximating $1,400.    The trustee, having no funds or property in his hands to pay these claims on June 17, 1942, filed the instant bill of complaint in the circuit court for Saginaw county in chancery to set aside the above-mentioned deeds to the farm on the ground that they were fraudulent, made to hinder, delay and defraud the creditors of Philip Emmendorfer, that he was made insolvent thereby, and asking the farm declared to be the property of the bankrupt estate.

After hearing, the circuit judge found the material facts to be as alleged in the bill of complaint and entered a decree setting aside the aforesaid con-

veyances, granting defendants the right to select 40 acres as a homestead exempt from the claims of creditors and directing a conveyance of the rest of the farm to the trustee in bankruptcy. Defendants appeal.

There is no serious dispute as to the material facts. Defendants admit that Philip Emmendorfer owed debts when the deeds were given and that he became insolvent as a result of the conveyances. The conveyances were without a fair consideration. Plaintiff seeks to have the conveyances set aside under the statute (3 Comp. Laws 1929, § 13395 [Stat. Ann. § 26.884]) which provides:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

Defendants claim that there were no creditors who could attack the conveyances at the time the bill was filed, that the trustee was in no better position than the claimants he represented, and rely on *Jaffe* v. *Ackerman,* 279 Mich. 304. In that case there was no proof that any creditors existed at the time the conveyances were made and no fraudulent intent shown as to subsequent creditors. Title to the property was taken in the name of husband and wife a number of years before the claims of creditors represented by the trustee in bankruptcy arose. It was held that the circumstances failed to sustain the allegation that the conveyances were in fraud of creditors. The facts distinguish that case from the one at bar.

Defendants say that all of the claims (with one exception) allowed in the bankruptcy proceeding arose subsequent to April, 1934, when the deeds in

question were made. In April, 1934, Philip Emmendorfer owed debts approximating $1,400. A large part of this indebtedness was owed to his sister-in-law, who had obtained a judgment against him, for which a claim has been filed and allowed in the bankruptcy proceeding. Most of the balance was owed to his mother, who died about a month after the deeds were made. Thereafter Philip Emmendorfer gave notes to her other heirs-at-law, his brothers and sisters, representing their respective shares of the indebtedness he owed to his mother. There is no question but that the deeds were fraudulent as to the indebtedness Philip owed his creditors, including his mother, at the time the deeds were made. The notes subsequently given by Philip to the other heirs-at-law of his mother were, in effect, renewals of the debt Philip owed his mother at the time the deeds were given. They were not payment to his mother of the original obligation. A somewhat analogous situation came before this court in *Allen* v. *Hillman,* 215 Mich. 312, where the court said (p. 315):

"Was such indebtedness (the notes) contracted prior to October 29, 1915, when the first of such conveyances was made? We think it satisfactorily appears that the notes, which were the bases of the claims filed with the referee, were renewals of others extending back to the date mentioned. It will serve no useful purpose to incorporate the evidence relating thereto in this opinion. The renewals will not be treated as a payment of the original notes. *McMorran* v. *Murphy,* 68 Mich. 246; *Preston National Bank of Detroit* v. *Pierson,* 112 Mich. 435; *Gladwin State Bank* v. *Dow,* 212 Mich. 521 (13 A. L. R. 1233)."

Furthermore, by statute (3 Comp. Laws 1929, § 13436 [Stat. Ann. § 26.973]), a conveyance void as

against a creditor is equally void as against the heirs and successors of such creditor:

"Every conveyance, charge, instrument or proceeding, declared by law to be void as against creditors or purchasers, shall be equally void as against the heirs, successors, personal representatives or assigns of such creditors or purchasers."

Defendants further claim that if the claimants themselves are prevented by laches from filing the instant suit, it cannot be maintained by the trustee. The record indicates that at least one of the creditors could have maintained the suit. Furthermore, defendant Philip Emmendorfer made payments on several of the claims subsequent to 1934, and admittedly the statute of limitations has not run against such claims.

"Under Federal bankruptcy act the trustee has the authority of a creditor armed with process, a creditor who has exhausted his remedy at law, entitling him to maintain a judgment creditor's bill (11 USCA, § 75 [a]; 3 Comp. Laws 1929, § 15125 *et seq.*)." *Jaffe* v. *Ackerman* (syllabus), *supra.*

We are not in accord with defendants' claim that the trustee is barred by laches or statute of limitations from maintaining the suit. The statute of limitations does not control the question of laches in equitable actions.

"Time alone does not constitute laches, but there must have been a change of conditions which would render it inequitable to enforce the claim (21 C. J. p. 212 *et seq.*), or a showing that the defendant was prejudiced by the delay. *Orloff* v. *Stott*, 239 Mich. 563." *Collins* v. *Lamotte,* 244 Mich. 504, 509.

"In *Sanders* v. *Campbell,* 231 Mich. 592, it was held that even where there was delay in asserting the right, that in itself did not constitute laches; instead

the delay must have resulted in some prejudice to the party asserting laches which would make it inequitable to disregard the lapse of time and incidental consequences." *Carey* v. *Lauhoff*, 301 Mich. 168, 175.

"Furthermore, laches is purely an equitable defense and lapse of time alone will not create it. There must be other circumstances than mere lapse of time that would make it inequitable to grant the relief sought." *Kutschinski* v. *Zank*, 307 Mich. 260, 271.

There is no showing in this case from which an inference may be drawn that the defendants have been harmed by any delay in bringing the suit to set aside the deeds.

"In *Carey* v. *Lauhoff*, 301 Mich. 168, the court applied the rule laid down in *Sanders* v. *Campbell*, 231 Mich. 592, where it was held that, even where there was delay in asserting the right, that of itself did not constitute laches, but that it must appear that the delay resulted in some prejudice to the party asserting laches which would make it inequitable to disregard the lapse of time and the incidental consequences." *Spencer* v. *Childers*, 307 Mich. 145, 148.

In *Becker* v. *Partridge*, 309 Mich. 46, the trustee in bankruptcy filed a bill in chancery in April, 1942, to set aside certain deeds made in 1935 (more than six years prior to the filing of the bill) on the same grounds urged by the trustee in the instant case. The defendants' motion to dismiss the suit on the ground that the suit was barred by the statute of limitations was denied by the lower court. In affirming such denial this court said (p. 50):

"While statutes of limitation by analogy apply in equity, they do not strictly control the question

as to whether an action is barred in chancery by laches or equitable estoppel.''

The surrounding circumstances under which Philip Emmendorfer put the title to his farm in a tenancy by the entirety, beyond the reach of his individual creditors, thereby causing his insolvency, were such as to justify a finding that the· conveyances were fraudulently made to hinder, delay and defraud his creditors.

" 'In a suit to set aside a conveyance of land alleged to have been made with actual intent to hinder, delay or defraud present or future creditors, the only method of determining actual intent is by a consideration of the circumstances surrounding the transaction (3 Comp. Laws 1929, § 13398 [Stat. Ann. § 26.887]).

" 'Surrounding circumstances which usually accompany an actual intent to hinder, delay or defraud creditors and from which fraud may be inferred are called badges of fraud (3 Comp. Laws 1929, § 13392 *et seq.* [Stat. Ann. § 26.881 *et seq.*]).

" 'When a questioned conveyance renders the grantor insolvent, fraudulent intent may be inferred (3 Comp. Laws 1929, § 13392 *et seq.*).

" 'As a general rule transactions between members of a family must be closely scrutinized when the rights of creditors are involved and when such transactions are accompanied by other badges of fraud, a full explanation of the conveyance is required when it is challenged by an unsatisfied creditor (3 Comp. Laws 1929, § 13392 *et seq.*).' *Bentley* v. *Caille* (syllabi), 289 Mich. 74." *Farrell* v. *Paulus,* 309 Mich. 441, 450.

This is a chancery case, governed by equitable considerations. A reading of this record convinces that the equities are all with the creditors for whom plaintiff is trustee, and for whose just debts the defendants seek to avoid payment.

The decree is affirmed, with costs to appellee.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, and SHARPE, JJ., concurred. REID, J., did not sit.