### TILLEY *v.* BRADY.

1. EQUITY—MOTION TO DISMISS—AVERMENTS IN BILL TAKEN AS TRUE.

    Averments in the bill of complaint must be taken as true for purpose of determining whether or not trial court properly granted motion to dismiss.

2. SAME—STATUTE OF LIMITATIONS.

    In a suit in equity the statute of limitations has no direct application barring a plaintiff's right to recovery.

3. SAME—LACHES—LAPSE OF TIME—CHANGE OF CONDITIONS—PREJUDICE.

    Lapse of time alone is not sufficient to constitute laches as there must also be a change of conditions rendering it inequitable to enforce the claim or such a showing as establishes that the defendants raising the defense were prejudiced by the delay.

REFERENCES FOR POINTS IN HEADNOTES

[2] 19 Am. Jur., Equity, § 496.
[3] 19 Am. Jur., Equity, §§ 498, 508.
[3, 4] 25 Am. Jur., Guardian and Ward, § 173.
[4] 19 Am. Jur., Equity, § 509.
[6] 25 Am. Jur., Guardian and Ward, § 196.
[6] Accounting by guardian, executor, administrator, or trustee as a necessary condition of action on his bond. 119 A.L.R. 83.
[7] 25 Am. Jur., Guardian and Ward, § 163.

4. SAME—LACHES—EVIDENCE—GUARDIAN AND WARD—ACCOUNTING.

Where defendant guardian is claimed to have been negligent in making an investment in 1923, filed his final account in 1928, plaintiff became of age in 1936 and delayed until 1942 before filing bill for accounting against the guardian and sureties and it does not appear defendants were prejudiced by plaintiff's failure to press her cause of action more promptly nor that any change of circumstances has occurred rendering it inequitable to permit her to proceed when she did, she was not guilty of laches barring equitable relief.

5. GUARDIAN AND WARD—ACCOUNTING—JOINDER OF PARTIES.

Fact that ward in her suit for accounting by guardian for negligence in making an investment, joined guardian's sureties in such suit, did not alter the fact that identical relief had been sought by plaintiff in proceedings hitherto commenced in probate court.

6. SAME—LIABILITY OF GUARDIAN'S SURETIES.

Sureties on a guardian's bond may not be held liable thereunder without a determination in the proper forum that there is liability on the part of the guardian.

7. SAME—ACCOUNTING—PROBATE COURT.

An accounting by a guardian who has not been discharged is clearly a matter within the statutory jurisdiction of the probate court (Act No. 288, chap. 4, § 38 *et seq.*, Pub. Acts 1939).

8. SAME—ACCOUNTING—APPEAL TO CIRCUIT COURT.

A party to a proceeding in the probate court for an accounting by a guardian, who feels aggrieved by the disposition thereof, has the statutory right of appeal to the circuit court (Act No. 288, chap. 1, § 36 *et seq.*, Pub. Acts 1939, as amended by Act No. 176, Pub. Acts 1941).

9. COURTS—PROBATE COURT—STATUTES—JURISDICTION.

Where no hearing has been had on petition filed in probate court the statutory provision requiring probate court to make and enter an order within 3 months after termination of hearing does not operate to cause the probate court to lose jurisdiction by reason of lapse of a year from time petition was filed in the probate court (Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941).

10. SAME—JURISDICTION—CIRCUIT COURT—OTHER ACTION PENDING
IN PROBATE COURT.
   Where matter within the jurisdiction of the probate court
      was yet pending in such court, bill for identical relief in
      circuit court, thereafter filed, was properly dismissed.

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 4, 1949. (Docket No. 4, Calendar No. 44,125.) Decided February 28, 1949. Rehearing denied April 18, 1949.

Bill by Achsah Chalfonte Jackson Tilley against Martin N. Brady and others for an accounting of guardianship funds. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Ryan, Doozan & Scorsone,* for plaintiff.

*William C. O'Keefe,* for defendant Brady.

*Otto & Otto, Harold Karls (William C. O'Keefe,* of counsel), for Second National Bank & Trust Company.

CARR, J. Plaintiff instituted suit in equity in circuit court on August 20, 1943, for the purpose of obtaining an accounting from the defendants. The bill of complaint alleged that in April, 1917, the defendant Brady was appointed by the probate court of Saginaw county as plaintiff's guardian, plaintiff at the time being an infant less than two years of age. Thereafter said defendant filed his guardianship bond, with John L. Jackson and defendant John L. Herzog as sureties thereon. Plaintiff became of full age on November 12, 1936. It further appears from the bill that Mr. Jackson has died, and the defendant Second National Bank & Trust Company is now the executor of his estate.

Plaintiff charged that in 1923 the guardian made a loan in the sum of $7,500 out of funds belonging to her estate, without taking proper security; that in so doing he was negligent and careless; and that the loan has not been repaid in full. The said guardian continued to act as such until April 30, 1928, at which time he filed a petition for final settlement of his account. The bill of complaint alleges that no account was ever filed, allowed, or approved by the probate court, and no order made discharging Brady as guardian. However, the defendant Second National Bank & Trust Company was appointed by the court as successor guardian. It further appears from the bill that in July, 1942, plaintiff filed a petition in the probate court for the county of Saginaw asking that defendant Brady be required to file a final account in the guardianship proceeding. To such petition an answer and a motion to dismiss were filed. It does not appear that any hearing was had before the probate court, and the bill of complaint alleges that no action was taken in the matter.

Separate motions to dismiss the bill of complaint were made by defendants Brady and the Second National Bank & Trust Company. Defendant Herzog did not enter an appearance in the case. In an opinion filed in the matter the trial court concluded from the averments of the bill of complaint that defendant Brady's connection with the ward's estate terminated in 1928, that if she had a cause of action against him it arose at that time, that her disability due to her minority was removed when she became of age in November, 1936, and that her alleged cause of action had thereafter lapsed. The court further concluded that, if plaintiff still has the right to proceed, the proper forum is the probate court for the county of Saginaw. In accordance with the opinion, an order was entered dismissing the bill of complaint as to all defendants. Plaintiff has appealed.

For the purpose of determining whether the motions to dismiss were properly granted, the averments of the bill of complaint must be taken as true. The suit being in equity, the statute of limitations has no direct application. The question, therefore, is whether it appears from the bill that plaintiff has been guilty of laches barring her right to seek relief in equity. In considering such question it must be borne in mind that lapse of time alone is not sufficient to constitute laches. There must also be a change of conditions rendering it inequitable to enforce the claim, or such a showing as establishes that the defendants were prejudiced by the delay. Each case must be determined on its own facts. *Sanders* v. *Campbell,* 231 Mich. 592; *Collins* v. *LaMotte,* 244 Mich. 504; *Hope* v. *Detroit Trust Co.,* 275 Mich. 213; *Brydges* v. *Emmendorfer,* 311 Mich. 274. It does not appear that defendants were prejudiced in any way because of plaintiff's failure to press her alleged cause of action more promptly. Neither does it appear that there was any such change in circumstances as would have rendered it inequitable to permit her to do so at the time she brought the present action. It cannot be said, therefore, that she was guilty of laches precluding her from seeking relief in equity.

Defendants claim that the order dismissing the bill of complaint was proper because jurisdiction to hear and determine the matter concerning which plaintiff sought relief was vested in the probate court, and, further, that it was actually pending there, by virtue of the proceeding instituted by plaintiff in that court, at the time she instituted the present suit in equity. Such claim, we think, is well founded and is decisive of the issue on this appeal. The bill of complaint does not allege that assets belonging to plaintiff's estate were converted by the guardian, or that there was fraud on the part of any

of the defendants. The sole claim is that a loan was improvidently made, as a consequence of which the estate sustained a loss. Plaintiff avers that her guardian was careless and negligent, and that for that reason he should account to her for the amount of such loss. This is the identical relief that plaintiff sought by her petition in the probate court. The situation here before us is not altered by the fact that plaintiff has joined with her former guardian, as defendants in the case, the surviving surety on the guardian's bond and the executor of the estate of the other surety. Obviously the latter may not be held liable to plaintiff on their undertaking without a determination in the proper forum that there is liability on the part of the guardian.

Our attention is directed to *Tudhope* v. *Potts*, 91 Mich. 490. There suit at law was brought to recover against a surety on a guardian's bond. It appears that said guardian died during the minority of the ward, without having filed an inventory, or having made a report to the probate court with reference to the assets in the ward's estate. In the administration proceedings plaintiff submitted a claim, which was allowed, and paid in part, such payment resulting in exhausting the assets of the guardian's estate. It was held that suit at law could not be maintained, it being indicated that under the circumstances plaintiff had the right to file suit in the circuit court in chancery against the surety on the bond for the purpose of obtaining an accounting; and that the defendant was not bound by the action of the commissioners on claims in the administration of the estate of the guardian. Obviously the facts in that case were materially different from those involved in the case at bar. It does not appear that the plaintiff in *Tudhope* v. *Potts* had any remedy other than by way of an accounting in equity. In determining

that the suit at law could not be maintained against defendant, it was said:.

"It is well settled that, save in exceptional instances, a surety upon a guardian's bond cannot be held liable until there has been an accounting before the proper tribunal, nor can an accounting be had before commissioners on claims so as to bind the surety, or in a suit upon the guardian's bond."

The guardianship proceeding involved in the present suit was instituted in the probate court in accordance with statutory provisions pertaining thereto. The guardian was appointed by that court, which retained jurisdiction over him and his handling of the assets of the ward's estate, with full authority to require him to make proper reports and to render an accounting. The petition filed by plaintiff in the probate court in 1942, above referred to, rested on the premise that the guardian had never been discharged and had not performed the duty resting on him with reference to the closing of the guardianship proceeding. The matter is clearly one within the statutory jurisdiction of the probate court.* A party to a proceeding in that court, of the nature here involved, who feels aggrieved by the disposition thereof, has the statutory right of appeal to the circuit court.† The procedure is indicated in the cases of *In re Horn's Estate*, 285 Mich. 145, and *In re Cressor's Estate*, 315 Mich. 155, in each of which the order of the probate court was appealed to the circuit court.

On behalf of plaintiff it is contended that the probate court has lost jurisdiction over the petition to

_____

* See Act No. 288, chap. 4, § 38 *et seq.*, Pub. Acts 1939 (4 Comp. Laws 1948, § 704.38 *et seq.* [Comp. Laws Supp. 1940, § 16289–4(38) *et seq.*, Stat. Ann. 1943 Rev. § 27.3178(289) *et seq.*]).—REPORTER.

† See Act No. 288, chap. 1, § 36 *et seq.*, Pub. Acts 1939, as amended by Act No. 176, Pub. Acts 1941 (4 Comp. Laws 1948, § 701.36 *et seq.* [Comp. Laws Supp. 1945, § 16289–1(36) *et seq.*, Stat. Ann. 1943 Rev. § 27.3178(36) *et seq.*]).—REPORTER.

require defendant Brady to file his final account. We assume that counsel mean that such jurisdiction had been lost before the starting of the present action. Our attention is directed to a section of the probate code, Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941 * (Comp. Laws Supp. 1945, § 16289–1 [19], Stat. Ann. 1943 Rev. § 27.3178 [19]), which provides in part:

"That the court shall make and enter an order with respect to the original hearing or rehearing of contested matters within 3 months after the termination of such hearing or rehearing."

Apparently it is the position of counsel that the probate court should have made an order in the proceeding pending therein prior to the bringing of the instant suit, and that failure to do so resulted in loss of jurisdiction. We cannot agree that a proper interpretation of the provision quoted leads to such result. Furthermore, it does not appear that any hearing was had on plaintiff's petition. In any event, if the guardianship proceeding was still pending, as the bill of complaint in effect avers, jurisdiction to hear and determine the matter rested in the probate court.

For the reason indicated the bill of complaint was properly dismissed by the trial court, and the order from which plaintiff has appealed is affirmed. Defendants, other than defendant Herzog, are entitled to costs.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.

---

* 4 Comp. Laws 1948, § 701.19.—REPORTER.