In the Matter of CAMDEN NURSERY, INC., Debtor.

Ralph C. McCULLOUGH, II, Trustee, Plaintiff,

v.

CAMDEN NURSERY, INC. and Jeanne Pointer Pratt, Defendants.

Bankruptcy No. 81–00197.
Complaint No. 81–0188.

United States Bankruptcy Court, D. South Carolina.

Oct. 11, 1982.

Harry M. Goldberg, Columbia, S.C., for plaintiff.

H.W.C. Furman, Camden, S.C., for defendants.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The trustee seeks to recover certain payments made by the debtor, Camden Nursery, Inc. (Camden Nursery), to Jeanne Pointer Pratt, which payments were made within one year of the debtor's petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 701 *et seq.*). After reviewing the testimony and numerous exhibits submitted at trial, I find the following to be matters of fact:

## FACTS

On January 11, 1980, Jean Pointer (now Pratt) loaned Camden Nursery $9,000 and Camden Nursery, delivered to her a promissory note, payable on demand, for $9,000. On February 14, 1980, Jeanne Pointer married the sole shareholder of Camden Nursery, Edward Pratt, and on May 9, 1980, she loaned Camden Nursery $10,350, which delivered to her a promissory note, payable on demand, for $10,350. Both notes were signed "Camden Nursery, Inc., by Edward Pratt." Jeanne Pointer Pratt was not in the business of making loans and had not been repaid within 45 days of her loans. Both loans were unsecured.

Camden Nursery filed its Petition for Relief on February 17, 1981, after having operated without a profit for approximately one year.

Camden Nursery repaid the balance on the two notes to Jeanne Pointer Pratt with the following checks, all of which were made within one year of bankruptcy:

| DATE | SIGNED BY | CHECK NO. | AMOUNT |
|------|-----------|-----------|--------|
| July 21, 1980 | Leatrice McCaskill | Check #11055 | $ 5,000.00 |
| August 7, 1980 | Lillian M. Pratt | Check #11102 | 5,350.00 |
| August 28, 1980 | Leatrice McCaskill | Check #11139 | 1,200.00 |
| Oct. 28, 1980 | Jeanne Pratt | Check #11227 | 1,000.00 |
| Nov. 13, 1980 | Edward Pratt | Check #11249 | 800.00 |
| Nov. 21, 1980 | Edward Pratt | Check #11257 | 1,200.00 |
| Jan. 29, 1981 | Leatrice McCaskill | Check #11331 | 4,800.00 |
| | | | $19,350.00 |

Two of these payments were made within 90 days of bankruptcy. There is no evidence that Jeanne Pointer Pratt gave Camden Nursery, in exchange for the checks, any new money, goods, services, credit, or releases.

During the one year prior to bankruptcy when these transfers were made Camden Nursery owed: Ann Martin (first wife of Edward Pratt) approximately $50,000 under a divorce settlement agreement, approximately $12,000 to the South Carolina National Bank, $6,000 to The First National Bank, $19,350 to Jeanne Pointer Pratt, and various other sums to other trade creditors. During this period, the debtor's primary asset—its building and premises—was encumbered by a note and mortgage held by Fidelity Savings and Loan, having a balance then of approximately $34,200.

Jeanne Pointer Pratt had access to the corporate records of Camden Nursery following her marriage to Edward Pratt, the person in control of the debtor. She was authorized to sign checks on behalf of the corporation and signed one of the checks repaying herself. Her access to and knowledge of the corporate records of Camden Nursery were such as to give her reasonable cause to believe that the nursery was insolvent at the time she received repayments for her loan.

The payments made to Jeanne Pointer Pratt within one year of bankruptcy enabled her to receive more than she would have received through ordinary bankruptcy proceedings. Jeanne Pointer Pratt and Ann Martin are the sole unsecured creditors, but the assets of the debtor's estate are insufficient to pay their claims. Had the transfers to Jeanne Pointer Pratt not been made, the debtor's estate would contain an additional $19,350., with Ann Martin and Jeanne Pointer Pratt receiving their respective portions of this sum.

Edward Pratt, the sole shareholder of Camden Nursery, stated in the debtor's Statement of Affairs that the debtor had not repaid any loans in whole or in part during the year preceding the filing of the petition for relief. However, at the first meeting of creditors held March 12, 1981, Edward Pratt admitted that the debtor made loan repayments within this period, in essence, paying off all of the creditors of Camden Nursery, including Jeanne Pointer Pratt, except Ann Martin, Fidelity Savings, and Goodwin's Floor Coverings.

## ISSUES

The facts and pleadings present the following issues:

(1) Whether the payments to Jeanne Pointer Pratt are avoidable by the Trustee as preferences under 11 U.S.C. § 547(b).

(2) Whether the payments to Jeanne Pointer Pratt are avoidable by the Trustee as fraudulent transfers under 11 U.S.C. § 548(a)(1) (1979).

## DISCUSSION

### I

■ The payments to Jeanne Pointer Pratt are avoidable by the Trustee as preferences under 11 U.S.C. § 547(b).

11 U.S.C. § 547 provides in relevant part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid

any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

\*       \*       \*       \*       \*       \*

(f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

11 U.S.C. § 101(26)(A) defines "insolvent" as "financial condition such that the sum of such entity's debts is greater than all of such entity's property at a fair valuation, exclusive of—

(i) property transferred, concealed or removed with intent to hinder, delay or defraud entity's creditors; and

(ii) property that may be exempted from property of the estate under section 522 of this title. . . ."

11 U.S.C. § 101(25) provides that "Insider includes—

(B) if the debtor is a corporation—

(i) director of the debtor;

(ii) officer of the debtor;

(iii) person in control of the debtor;

(iv) partnership in which the debtor is a general partner;

(v) general partner of the debtor; or

(vi) relative of a general partner, director, officer, or person in control of the debtor."

11 U.S.C. § 101(34) provides:

"relative" means individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree.

Application of the facts to the law leads to the conclusion that all loan repayments made to Jeanne Pointer Pratt are voidable as preferential payments to a creditor. Each element necessary to establish a voidable preference under 11 U.S.C. § 547(b) has been established. The payments made to Jeanne Pointer Pratt by Camden Nursery as repayments for her loans, were made for her benefit, on account of an antecedent debt owed to her by the debtor before such transfer was made. The repayments were made while the debtor's liabilities exceeded its assets. Two repayments were made within 90 days before bankruptcy, while the remainder were made within one year before bankruptcy to her, an "insider", who had reasonable cause to believe the debtor was insolvent at the time of the transfer. She received more than she would have received after bankruptcy had the transfer not been made.

None of the exceptions provided in Section 547(c) apply here.

## II

■ The payments to Jeanne Pointer Pratt are avoidable by the Trustee as fraudulent transfers under 11 U.S.C. § 548(a)(1).

11 U.S.C. § 548 provides:

(a) The trustee may avoid any transfer of an interest of the debtor in property, . . . that was made . . . on or within

one year before the date of the filing of the petition, if the debtor—

(1) made such transfer ... with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred ..., indebted;

Under § 548(a)(1) certain transfers are avoidable if the trustee can show that the debtor made them with "actual intent to hinder, delay, or defraud" any creditor. A leading authority on the subject states:

While no finding of fraud can be predicated solely on the fact that a transaction resulting in a transfer of a debtor's property is between relatives or members of a family, such transactions are generally subjected to close scrutiny when challenged by the trustee, and the relationship of the parties in conjunction with other circumstances often makes a trustee's case compelling notwithstanding the absence of direct evidence of fraud. (Citing *McWilliams v. Edmonson,* 162 F.2d 454 (5th Cir.1947); *Brydes [Brydges] v. Emmendorfer,* 311 Mich. 274, 18 N.W.2d 822 (1945), and *Levy v. Bukes,* 65 F.Supp. 494 (W.D.PA.1946)).

4 *Collier on Bankruptcy,* paragraph 548.02, pages 548–38 and 548–39 (15th ed. 1979).

In an action by a bankruptcy trustee to set aside a conveyance under Section 548, the burden of proof (risk of non-persuasion) that the conveyance was made under the conditions that bring it within Section 548 and hence is fraudulent rests on the Trustee. This burden of proof never shifts. "But while the burden of proof does not shift, yet during the progress of the suit the burden of going forward with the evidence to rebut a prima facie case may shift." [1]

4 *Collier on Bankruptcy,* paragraph 548.10, p. 548–106 and 548–107 (15th ed. 1979).

The intent of Edward Pratt to give preferential treatment to his present wife Jeanne Pointer Pratt over other creditors, and his attempt to escape obligations owed to his first wife while paying off those owed to his second wife, sufficiently establishes the requisite intent to hinder, delay or defraud creditors under § 548(a)(1) and satisfies the trustee's burden of proof.

The evidence presented by the trustee constitutes a *prima facie* case of fraudulent transfers which the defendants did not rebut; therefore, the trustee may, pursuant to § 548(a)(1), avoid the transfers made to Jeanne Pointer Pratt during the year prior to the filing of the debtor's petition for relief.

## CONCLUSIONS

Upon review of all the facts established by the evidence and the relevant law, I find:

1. That the payments to Jeanne Pointer Pratt made within one year prior to Camden Nursery's filing its petition for relief are avoidable by the Trustee as preferences under 11 U.S.C. § 547(b).

2. That the payments to Jeanne Pointer Pratt made within one year prior to Camden Nursery's filing its petition for relief are avoidable by the Trustee as fraudulent transfers under 11 U.S.C. § 548(a)(1).

3. That the payments referred to in 1 and 2 above, are void.

## ORDER

IT IS, THEREFORE, ORDERED that Judgment for the Plaintiff be, and it is, hereby, entered against the Defendants in the sum of $19,350.

AND IT IS SO ORDERED.

---

1. *In re Locust Bldg. Co.,* 299 F. 756, note 1 (2d Cir.1924).